JOHN DEWITT STERRY AND ALEXANDER READING GULICK, EXECUTORS OF THE LAST WILL AND TESTAMENT OF WILLIAM DEWITT STERRY, DECEASED, PLAINTIFFS, v. AARON O. FITZ-GERALD, DEFENDANT.

Submitted July 1, 1920—Decided November 3, 1920.

1. Where a party to an action at law relies upon admissions in the pleadings of the other party as proof in support of his case, he must accept the admission in its entirety, and any statement in the pleading of another fact, connected with the admission, which nullifies or modifies the effect of the admission, must also be held as established, for the whole statement must be taken and construed together.

2. In an action for money loaned, the mere production of a check made by the plaintiff, endorsed by the defendant, and paid at the bank on which it was drawn, is not sufficient *prima facie* proof of a loan. The legal presumption under such circumstances being that it was given in payment of a debt due from the maker to the payee, under the rule laid down in *Bunting* ads. *Allen*, 18 *N. J. L.* 299.

3. In order to put on the recipient of money the burden of showing that it passed to him as a gift, and not as a loan, the facts must show the existence of a relation between the parties, which naturally would inspire the reposing of confidence in the party who has acquired the advantage.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the rule, *Vredenburgh, Wall & Carey.*

*Contra, Saul Cohn.*

The opinion of the court was delivered by

. BERGEN, J. This action was instituted by the executors of William Dewitt Sterry to recover $9,200 which they claimed their testator had loaned to the defendant. The verdict was for defendant and plaintiffs were allowed a rule to show cause why it should not be set aside, and now move to have it made absolute.

The pertinent charge in the plaintiffs' complaint, paragraph 3, is, that the testator "lent and advanced to said defendant, Aaron O. Fitz-Gerald, cash amounting to $9,200, which was to be repaid on demand with interest." The defendant answered: "Defendant denies the allegations in paragraph 3 of said complaint, and avers that the said sum of $9,200 mentioned in the said paragraph was a gift made and executed by the said plaintiff to defendant." The plaintiffs offered no direct proof of the loan but relied entirely on defendant's answer, as above set out, as proof of the receipt of the money by him, and argues that the defendant having admitted the

receipt of the money the burden was cast on him to show that it was a gift and not a loan, and not having done this, the presumption is that it was a loan to be repaid. The answer, if read in its entirety, is a denial of any loan and an averment that defendant came into possession of the money by gift. The plaintiffs claim that they may use so much of defendant's answer as admits the receipt of the money, and disregard so much of it which gives the reason or explains the character of the receipt of the money. This cannot be done, for one who relies upon a statement in a pleading as proof of the facts stated must accept it in its entirety. In *Gildersleeve v. Landon,* 73 N. Y. 609, it was held that where an admission in a pleading is relied on by the opposite party to establish a fact, any statement made of another fact which would nullify or modify the effect of the admission must also be held as established, for the whole statement must be taken and construed together. In that case the defendant, in his pleading, admitted that the plaintiff had purchased a tract of land, but alleged that plaintiff made the purchase with knowledge of defendant's mortgage, and it was held that the statements must be taken together, and if relied on to establish the purchase, it must also be taken as proof, not only that the plaintiff purchased, but that he did so with knowledge of defendant's mortgage, subject to the right to rebut such knowledge.

This seems to be sound and logical, and, therefore, in the instant case, when plaintiffs relied alone on the statement in the defendant's answer to prove the receipt of the money by the defendant, they must also accept it as proof that it was a gift, subject to the plaintiffs' right to controvert its truth by evidence. In this situation, produced by plaintiffs' proof, the burden of overcoming the proof by defendant's pleading of a gift was on the plaintiffs, and that they did not undertake to do, but relied on defendant's pleading that he received the money as a gift, which, in our opinion, is not proof of a loan. If, however, we should assume that defendant's pleading should be limited to the admission of the receipt of the money, that alone would not authorize a legal presumption that the money was in the hands of the defendant as money

had and received for the use of the plaintiffs to be repaid. The plaintiffs insist that mere proof of the receipt of money puts on the recipient the burden of showing that it was not a loan which was wrongfully being withheld, and relies on *Teegarden* v. *Lewis,* 35 *N. E. Rep.* 24, in which the suit was by an administrator to recover money had and received by the defendant for the use of plaintiff's intestate, and it was urged that the burden of proof was on the plaintiff to show that defendant wrongfully came into possession of the money, to which the court replied, "Ordinarily, this would be true— that is, when the alleged transactions are between parties who stand upon an equal footing," but that it was not the rule where one party, because of physical conditions, confidential relations, or for any like reason, had an advantage over the other, and this exception to the general rule has been recognized by the court in this state. *Adoue* v. *Spencer,* 62 *N. J. Eq.* 782; *Hall* v. *Otterson,* 52 *Id.* 522, and *Parker* v. *Parker,* 45 *Id.* 224. The general rule seems to be that to put on the recipient of money, the burden of showing that it passed to him as a gift, and not as a loan, the facts must show the existence of a relation between the parties which, naturally, would inspire the reposing of confidence in the party who had acquired the advantage. No such proof was made by the plaintiff in this case, nor is it argued or relied on by the plaintiff that the parties were other than upon an equal footing. The legal presumption arising from the transfer of money from one person to another, either by cash or check, where the parties stand upon an equal footing, is, that it was in payment of a debt, and that presumption continues until rebutted. In *Bunting* ads. *Allen,* 18 *N. J. L.* 299, Chief Justice Hornblower said that instead of a check in the hands of the drawer, after payment at the bank, being *prima facie* evidence of a loan, it is only *prima facie* evidence that the maker of it was indebted to the payee at the time he gave it, and in satisfaction of a debt, "and such presumption will stand until the party producing the voucher can show that it was money lent or paid on some particular account." The illustrations which the Chief Justice gave as reasons for the rule of law

are quite pertinent. This case has stood as a rule of law in this state since it was decided in 1841, and as it was a decision of this court, we ought to follow it until reversed or modified by the Court of Errors and Appeals.

There was testimony given by Mrs. Fitz-Gerald from which it might be inferred that the money was given to defendant by way of check, and the defendant also offered to prove the making of a check by testator to defendant's order for $9,200 by proving the signature of the maker, but this was refused by the court on the objection of the plaintiffs, on the ground that such proof was a transaction with the deceased. We doubt the legal correctness of this ruling, for it was nothing more than opinion evidence of the genuineness of the signature of the deceased, and can hardly be said to be testimony relating to a transaction with the deceased, but it is not material to determine this question, for plaintiffs admitted in their brief, "A few days later, on September 16th, 1918, defendant obtained Mr. Sperry's check for $9,200." Assuming that defendant received the money by way of a check, that is not, standing alone, *prima facie* evidence of a loan, for, under the rule laid down in the *Bunting case, supra,* the presumption would be that it was given for the payment of a debt. The admission in the pleading that the money received by the defendant was a gift to him not having been rebutted by the plaintiff by any proof to the contrary, or, assuming that it passed to the defendant by a check, which is only *prima facie* proof of the payment of a debt, there was no evidence to sustain the plaintiffs' case and the jury could not do otherwise than find for the defendant.

The plaintiff urged that the court erred in refusing to direct for the plaintiff because (1) "defendant has not sustained the burden of proving the allegation that the check in question was a gift." There are two answers to this. First, there was no check put in evidence, for while proof of it was offered by the defendant it was rejected by the court on plaintiff's motion; second, the burden was not on the defendant under the circumstances shown in the case to prove that the check was a gift. (2) "Defendant has not rebutted

the presumption of law that the check was a loan." The answer to this is, there is no such presumption arising from the case made. The other points argued have no legal merit, in view of the conclusions reached by us on the other branches of the case.

The rule will be discharged.