SIKORA, Admr, Etc v BAUER, Etc

Ohio Appeals, 9th Dist, Lorain Co
No 527. Decided April 30, 1930

Harry M. Redington, Elyria, Jesse Stephens, Cleveland, and John M. Pindras, Cleveland, for Sikora.

Myers, Harding & Cheney, for Bauer.

PER CURIAM

Generally speaking, the negligence charged against Bauer is that he employed and permitted the boy to perform such service and neglected to keep a lookout for passing automobiles and warn the boy of the one that killed him or caution him of the dangers incident to such service.

In the charge the court, after defining negligence, instructed the jury to determine whether Bauer was negligent "in any one or all of the particulars complained of in the petition"; the court also charged the jury that Bauer was negligent if he failed to exercise "that degree of care which persons of ordinary care and prudence are accustomed to use and employ under the same or similar circumstances" or "that degree of care and prudence that the circumstances reasonably required."

Having so charged, it was not error for the court to refuse the request thereafter made to charge that—

"If the defendant Bauer received plaintiff's decedent, an infant of young and tender years, under his charge, either gratuitously or for a consideration, he owes plaintiff's decedent the legal duty of due care to prevent injury to him."

Neither was it error for the court to refuse to charge that—

"The presumption is that a minor under fourteen years of age has not capacity to forsee and avoid danger."

It was the duty of the trial court to charge that in considering the question of contributory negligence of a child, a different rule should be applied than that applicable in the case of an adult, and the court did so charge in this case and properly stated the rule to be applied; and the court properly refused to charge that as a matter of law the child was of such tender years that contributory negligence could not be charged to him.

The court also charged that—

"I say to you further, if you find from the evidence that the decedent was guilty of negligence in the **slightest** degree in what he did in seeking to cross the highway in question, if such negligence brought about or contributed to bring about his own injuries, then the plaintiff cannot recover, as it is on the negligence alone of the defendant that brought about the injuries to the decedent that the plaintiff can recover in this action, if the plaintiff recovers at all."

It is claimed that there was error against the plaintiff in the part of the charge just quoted, but in view of a recent decision by the Supreme Court we hold against such claim.

**Bartson v. Craig, 121 Oh St 371.**

But the court also charged that—

"It is not necessary in the first instance that the decedent should show he was free from blame and not in fault, unless his own evidence **suggests** he was negligent and to blame for his injuries. If contributory negligence is **suggested** on the part of the decedent by plaintiff's own evidence, then the burden is on the plaintiff to remove and dispel the suggestion."

In so charging we hold that the trial court committed error, as the court charged that under certain circumstances the burden was on plaintiff to "show that he was free from blame and not in fault" and also made the question turn upon a "suggestion" instead of an inference or "presumption."

Contributory negligence is an affirmative defense, and the burden of showing the same is upon the party alleging such defense; if the testimony in support of plaintiff's cause of action raises a **presumption** of his own contributory negligence, the burden rests upon him to remove that presumption; but if it merely **suggests** contributory negligence, no burden is cast upon plaintiff.

A suggestion is more in the nature of a hint or insinuation and lacks the element of probability. Facts which merely suggest do not raise an inference of the existence of the thing suggested, and therefore a suggestion is much less than an inference or presumption.

The rights of litigants are determined upon evidence tending to prove issues and not upon evidence which merely raises a suggestion, and the determination of the question of who has the burden under certain circumstances ought not to be made to depend upon anything so uncertain and shadowy as a mere suggestion; and in our opinion it was error for the court to so charge in this case.

Moreover, as we construe this charge, the court instructed the jury that under certain circumstances the burden was on the plaintiff to "show he was free from blame and not in fault," thereby placing the burden upon plaintiff to prove that he was not guilty of contributory negligence.

Under no circumstances is the burden on the plaintiff to prove that he was free from blame by a preponderance of the evidence.

**Tresise v. Ashdown, 118 Oh St 308.**

"It is the duty of the trial court to

instruct the jury as to the burden of proof, and it is well settled that an instruction which improperly places the burden of proof is reversible error."

**Montanari v. Haworth, 108 Oh St p. 14.**

Where there is an erroneous instruction as to the burden of proof, prejudice will be presumed, and the rule that error without prejudice is not ground for reversal, has no application.

**Cleveland Ry. Co. v. Goldman, 122 Oh St 73.**

Moreover, in this case we find from an examination of the record that said error in the charge was prejudicial.

The judgment is therefore reversed and the cause remanded.

Funk, PJ, Pardee, J, and Washburn, J, concur.