## BOEDKER v WARREN E RICHARDS COMPANY

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 23, 1931

Mr. Mitchell Wilby, Cincinnati, for plaintiff in error.

Messrs. Kunkel & Kunkel, Cincinnati, for defendant in error.

**HAMILTON, J.**

The contract for the real estate commission in question was signed by Boedker prior to the coming to terms of agreement of sale between Boedker, the seller, and Burckhart, the purchaser. In other words, no offer and acceptance had been made in the instant case and at the time of signing the contract to pay the commission, as was the fact in the **Brua case, supra.**

Further, there is some evidence tending to show that the agent took Boedker to see the purchaser after the signing of the commission contract, upon which occasion the sale agreement was effected. The case of **Warner v Brua, supra,** is therefore not controlling.

Plaintiff in error further complains that if the plaintiff below was entitled to any commission, it was limited to 4 per cent. on $15,000, or $600, as at the time of filing this suit $5,000 was unpaid. At the time of trial, the $5,000 balance had been paid. While the plaintiff to be technical might have filed a supplemental petition in order to avoid any question concerning the sale price, it was admitted at the trial that the $5,000 balance had been paid, so that no prejudice resulted from the failure to file a supplemental petition, if one was needed.

Other claimed errors are not important or prejudicial, and do not require a reversal of the judgment.

Finding no error in the record prejudicial to the plaintiff in error, the judgment of the court of common pleas is affirmed.

ROSS, PJ and CUSHING, J, concur.