### COX v WALTZ, Admr et

Ohio Appeals, 9th Dist, Lorain Co

No 620.   Decided Oct 21, 1932

Stevens & Stevens, Elyria, for plaintiff in error.

Stetson & Butler, Elyria, for defendant in error.

FUNK, J.

Counsel for defendant set up four principal grounds of error, to-wit: that the court erred—

First, in refusing to permit defendant to testify as a witness in his own behalf;

Second, in the rejection of certain evidence;

Third, in various. particulars in the charge; and

Fourth, in failing to direct a verdict for the defendant.

We will discuss them in the order named.

First. It is claimed that defendant should have been permitted to testify in this action notwithstanding the language of §11495 GC, even though Mrs. Hastings did not die as a result of the accident, because if the action had been for wrongful death, he could have testified, and that the greater should include the lesser.

We do not see how the defendant could be a competent witness under the positive provisions of said statute. However, counsel read into the record defendant's statement concerning the accident, and we find that the competent part of what defendant would have said is so unimportant and so much of it merely cumulative of what is in the record, that the refusal to permit him to testify was not prejudicial, even if it could be said he was a competent witness in this kind of an action.

Second. It is claimed the court erred in rejecting testimony as to what was said by an unidentified woman supposedly in the presence of Mrs. Hastings soon after she had been taken to her home and while she was lying on the bed.

There is no evidence that Mrs. Hastings heard the remark, which was apparently made to a third person and not to Mrs. Hastings. She surely could not be bound by such a statement, especially in view of her condition at that time. By no stretch of imagination could it be a part of the res gestae, as argued by counsel for defendant. We therefore find no error in this particular.

Third. Counsel sets forth some ten claimed errors in the charge.

1. Among the errors complained of, it

is contended that the court erred in charging §12603-1 GC, which provides that "Whoever operates a motor vehicle upon the public roads * * * without due regard for the safety and rights of pedestrians * * * while in the lawful use of the road * * * shall be deemed guilty of a misdemeanor." (Record, p. 106). The claim is that this section has no application under the evidence and was in effect saying to the jury that Mrs. Hastings was in the **lawful use** of the road.

We do not think the charging of this section is susceptible of the construction counsel urges for it. Even if it could be said that this section has no application to the facts as disclosed by the evidence in this case, we find no error in charging it; at least it was not prejudicial error when considered in connection with all the court said about the duties the driver of an automobile and of a pedestrian, immediately following the quoting of this statute.

2. Another error complained of is that the court erred in its charge on the subject of contributory negligence. The particular language complained of reads as follows (Record, p. 108):

"* * *, but if you find defendant guilty of negligence as charged and explained, and further find that the defendant's said negligence directly and proximately caused the injuries of Harriet Hastings, then the defendant is liable in damages for such injuries, unless such liability is removed or avoided by defendant's charge of contributory negligence on the part of Harriet Hastings and the evidence bearing thereon."

In the preceding part of the paragraph in which this language was used, the court told the jury that if the defendant was not guilty of negligence or if guilty of negligence and it was not the proximate cause of the accident, he was not liable "even though negligence is charged," and then follows the language complained of.

It is thus apparent from the language itself and the connection in which it is used, that it was not intended as a charge on the question of contributory negligence but is more in the nature of telling the jury how the finding of certain facts by them would affect the rights of the respective parties. It is not couched in the language generally used in instructions on contributory negligence, and while it is perhaps not technically correct, no objection or exception was taken to it at the time. Moreover, when the part complained of is considered in connection with what the court said immediately following it concerning negligence and ordinary care necessary on the part of Mrs. Hastings, we do not think it was prejudicial to defendant, even though it might be error when standing alone.

3. Another error complained of, is that the court erred in charging §6310-17 GC, which provides that "vehicles shall keep to the right side of the road or highway, except when necessary to turn to the left in crossing the road or highway or in overtaking and passing another vehicle" (Record, p. 104), and that if defendant violated this statute, it would constitute negligence per se. The claim is that this section was not applicable under the evidence because defendant claimed he went on the left side of the road solely in an effort to avoid running into Mrs. Hastings.

Defendant took exception to this part of the charge and "the failure of the court to supplement" it "to the effect that if the defendant, at the time he drove on the left-hand side of the road, was attempting in good faith to escape the plaintiff, this section would not be applicable to the case."

It will be observed that counsel for defendant called attention to this law of the road in special request No. 6, which was given before argument, and when considered in connection with this request and the record as a whole, we find no error in merely charging this statute; but even if it might be said that it was not particularly applicable, it was not prejudicial.

However, we think the court was not justified, under the facts in this case, after having charged said §6310-17 GC and that to violate it would be negligence per se, in further instructing the jury (Record, p. 105), that "it was the duty of the defendant at the time and place in question to have driven his automobile to the right side of the road," et seq., and thereby in effect say to the jury that if he did not drive it there he violated the statute and was thus guilty of negligence, instead of leaving the question of whether he violated the statute for the jury to decide. The undisputed testimony is that he was overtaking and passing an automobile that was standing partly on the right side of the paved part of the road, and under such circumstances it was not unlawful for him to drive on the left-hand side of the road, at least to some extent, and it could not be said that it was negligence as a matter of law to do so. Moreover, the defendant claimed that he turned further to the left

for the very purpose of avoiding running into Mrs. Hastings; and if that was true, the court could not say that it was a violation of the statute as a matter of law for him to turn to the left to avoid hitting the very person for whom the complaint is made, but should have left it to the jury to determine, under proper instructions and all the facts and surrounding circumstances, whether the defendant violated said statute in driving to the left as he did.

4. Another claimed error is that the court erred in the general charge on the subject of the burden of proof, when it instructed the jury as follows:

"The burden of proof in this case is upon the plaintiff on all the issues except the issue of contributory negligence and is upon the defendant as to the issue of contributory negligence. By this is meant that the party upon whom the burden of proof rests in judicial trials must sustain the claims he makes by a preponderance of the evidence before he is entitled to a favorable finding."

We do not find, either in the general charge of the court or in any of the special requests that were given, any modification of the above-quoted part of the charge, and which instruction thus placed the burden absolutely upon the defendant to prove contributory negligence on the part of the plaintiff.

It has never been the law in Ohio that, without any qualification, the burden is upon the defendant to prove contributory negligence on the part of the plaintiff, and it has been repeatedly held that to so charge clearly places a greater burden of proof upon the defendant than the law requires.

28 Oh Ap, 318, (6 Abs 646), Cleve. Ry. Co. v McCoy.

33 Oh Ap 512, Tudor Boiler Mfg. Co. v Teeken.

41 Oh Ap 361, (11 Abs 558), Eckroate v Bauders.

8 Abs 530, Sikora, Admr., v Bauer.

It is further well settled in Ohio that the failure of a court to qualify such an instruction as above-quoted by telling the jury that if the evidence offered on behalf of the plaintiff raises a presumption of negligence on the part of the plaintiff, it is the duty of the plaintiff to counter-balance or dispel such presumption before he is entitled to recover, is an error of commission rather than of omission, and is thus erroneous under a general exception.

28 Oh Ap 318, supra.

33 Oh Ap 512, supra.

It is definitely settled in Ohio that, where the court places upon the aggrieved party a greater burden of proof than the law requires, prejudice will be presumed.

122 Oh St 73, Cleve. Ry. Co. v Goldman.

108 Oh St 8, at p. 14, Montanari v Haworth.

We are therefore not permitted to overlook or excuse such error on the ground that it was not prejudicial; that is, we cannot refuse to reverse for such an error simply because we might feel that upon the whole record such error was not prejudicial and that the trial resulted in substantial justice being done.

While an examination of the record discloses that defendant took no general exception to the charge and took no special exception to said instruction and made no request for further instructions or suggestion to the court as to what the further instruction on the subject of contributory negligence should be, it seems to be the established law in Ohio that, if errors occur in the charge and no exceptions are taken thereto, and a motion for new trial is filed containing the grounds that there is error in the charge and that the verdict is contrary to law, which motion is overruled and exceptions taken thereto—which is the situation in the instant case, a reviewing court cannot reverse solely for such errors, but will consider them in connection with the whole record for the purpose of determining whether the justice of the case requires a reversal of the judgment. If a consideration of the entire record leads to the conclusion that the aggrieved party has been deprived of a fair trial, then the judgment must be reversed —not for the error complained of, but because the judgment on the whole record is contrary to law.

29 Oh St 448, at pp. 451 and 452, R. R. Co. v Strader & Co.

32 Oh St 328, R. R. Co. v Porter.

32 Oh St 494, Baker v Pendergast.

40 Oh St 52, and at p. 56, Weybright v Fleming.

42 Oh St 318, R. R. Co. v Fitzpatrick.

12 O.C.C., 721, 4 O.C.D., 290, Dollman v Haefner.

29 Oh Ap 200, Sabo v State.

36 Oh Ap 186, and at pp. 193 and 194, (8 Abs 617), Ohio Power Co. v Fittro, Admrx.

The instant case is not one where the court failed entirely to charge upon an issue involved, which was the case in Ry. Co. v

Ritter, 67 Oh St 53, and Bradley v Ry. Co., 112 Oh St 35.

Our Supreme Court having definitely stated that prejudice will be presumed where the court has placed upon an aggrieved party a greater burden of proof that the law requires, it follows that if the instruction as given is prejudicial as a matter of law, the presumption is that the jury was probably misled by such erroneous charge, and that a different verdict might have been rendered if the jury had been properly instructed.

We therefore feel required to say that, taking the record as a whole, it discloses that the defendant did not have such a fair trial as he is entitled to have under the law and that therefore the judgment below is contrary to law and should be reversed; and this is especially so when considered in connection with the other error in the charge which we have pointed out concerning the duty of defendant to keep to the right side of the road.

We have carefully considered all the other claimed errors in the charge and find them to be highly technical and not prejudicial to defendant when the charge as a whole is considered, together with the ten special instructions given before argument at the request of defendant.

Fourth. Counsel for defendant urges that the court erred in refusing to direct a verdict for the defendant upon the theory that plaintiff's decedent was guilty of contributory negligence, largely upon the authority of Martin v Thompkinson, 27 Oh Ap 355, Binder v Ry. Co., 125 Oh St 193, and other kindred cases.

The facts in the instant case are entirely different from those in the cases cited, and they therefore have little, if any, bearing on the instant case.

It must be borne in mind that this accident took place on a country road. Mrs. Hastings being dead and there being no evidence of anyone being with her or seeing her just prior to or at the time she started across the road, there is no direct evidence as to whether or not she looked in both directions before she stepped out into the road. There is some intimation in the record that she may have increased her speed when she got near the center of the road, on the supposition that she may have seen the defendant's automobile coming; but there is really no evidence to sustain such intimation. There is no evidence of any negligence on her part, except such, if any, as can be inferred from the facts and surrounding circumstances.

The mere fact that the automobile hit Mrs. Hastings after she had crossed the macadam part of the road or when she was on the westerly edge of the macadam, is no evidence in itself of negligence on her part. The evidence is clear that the automobile ran into her and that she did not run against it.

Under the state of the record in the instant case, we are clearly of the opinion that it was not error for the court to refuse to direct a verdict for defendant on the ground of contributory negligence.

As to the contention of counsel for plaintiff below that the judgment should be affirmed under the so-called "two issue" rule, as laid down in Knisely v Traction Co., 125 Oh St 131, and in Binder v Ry. Co., supra, it is only necessary to call attention to the fact that in the instant case the verdict being for plaintiff, could be returned only on the finding that the negligence of the defendant was the sole proximate cause of the accident; the "two-issue" rule can thus have no application in this case. If the verdict had been for defendant the situation would be different.

Judgment reversed and cause remanded for error in the charge as to the duty of defendant to keep on the right side of the road, and for the further reason that the judgment is contrary to law.

WASHBURN, J, concurs.
PARDEE, PJ, concurs in judgment.