## HELVIE v RATTA

Ohio Appeals, 9th Dist, Summit Co

No 2112.   Decided Feb 22, 1933

FUNK, J.

It is contended that the court erred in charging the jury as follows:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence what he claims. That is, that the defendant was negligent in this particular case, and that such negligence was the sole and proximate cause of the injury to his machine. The burden is upon the plaintiff to show that he was without fault and that he was not guilty of any negligence himself which was a contributing cause of the injury, but that, on the contrary, the injury was caused solely and wholly by the negligence of the defendant. This, I say, must be shown to you by the plaintiff by the preponderance of the weight of the evidence."

It is the established law of Ohio that, if the evidence on behalf of plaintiff shows an injury proximately caused by defendant's negligence and does not raise an implication that his own negligence contributed thereto, the burden of proving such contributory negligence as will defeat a recovery is upon the defendant; and that burden must be sustained by a preponderance of the evidence. It has never been the law of Ohio that the burden of proof was upon the

Kroeger & Van Buskirk, Akron, for plaintiff in error.

F. M. Enright, Akron, for defendant in error.

plaintiff to prove that he was without fault or free from blame. The rule is that, if the evidence on behalf of plaintiff raises a presumption of contributory negligence upon his part, he is only required to furnish such proof as is sufficient to merely equal or counterbalance such evidence tending to show contributory negligence on his part. Some of the decisions establishing the above-mentioned rules are—

112 Oh St 35, Bradley v Cleveland Ry. Co.

114 Oh St 178, Maddex v Columber.

118 Oh St 307, Tresise v Ashdown.

8 Abs. 530, Sikora v Bauer.

We are therefore clearly of the opinion that the above-quoted part of the charge placed a much greater burden upon the plaintiff than the law required, which is presumed to be prejudicial and is an error that we are not permitted to overlook on the ground that it was not prejudicial.

122 Oh St 73, Cleveland Ry. Co. v Goldman.

13 Abs 364, Cox v Waltz, Admr.

The record further shows that the court wholly failed to instruct the jury on the burden of proof as applicable to contributory negligence or the duty of defendant to prove that the accident was due to the negligence of the plaintiff by a preponderance of the evidence in order to recover on his cross-petition.

The record further shows that the court instructed the jury that "but one of the parties is entitled to recover" and thereafter instructed them that they might find a verdict of an amount due in favor of the plaintiff and also an amount due in favor of the defendant and then strike a balance and make their deductions as they saw fit, and submitted a form of verdict for such a finding.

This, we think, was clearly erroneous, because in this kind of a case it is impossible that both parties could recover, as the accident was the result of the negligence of one or the other or both, or the result of a pure accident. If the negligence of one was the proximate cause of the accident and the other party was not guilty of negligence which proximately contributed to the accident, then the latter one should recover against the one whose negligence was the proximate cause of the accident; but if both were guilty of negligence which proximately caused the injury, then neither could recover from the other; and if the collision was the result of a pure accident and neither was guilty of negligence, neither one was liable in damages to the other.

While some of the matters referred to may be said to be errors of omission and not of commission and thus not reversible errors, we think the charge as a whole is one not to be commended, as there is nowhere in the charge a clear-cut instruction as to the burdens of proof devolving upon the several parties as to the issues raised by the pleadings; that is, the issues arising out of the petition and the answer and those growing out of the cross-petition and the reply, and their relation to each other.

We further find that there was error in the charge as to the negligence of defendant as well as that of the plaintiff, and that the two-issue rule is thus ineffective in this case.

There is some claim that the verdict is against the manifest weight of the evidence, but under the view we take of the charge in this case, a finding on that question is not only unnecessary but would serve no useful purpose.

The judgment is therefore reversed for error in the charge on the burden of proof and for error in instructing the jury that they might find an amount due for each party and strike a balance or make deductions as they saw fit.

WASHBURN, PJ, concurs.
STEVENS, J, not participating.