### GRABLE v HENDERSON

Ohio Appeals, 9th Dist, Wayne Co

No 928. Decided Dec 21, 1934

Starn & Etling, Wooster, for plaintiff in error.

Critchfield, Critchfield & Critchfield, Wooster, for defendant in error.

## OPINION

By WASHBURN, PJ.

There was such a conflict in the evidence that a reviewing court would not be justified in setting aside a verdict of a jury for or against either party on the weight of the evidence.

After stating that the plaintiff claimed that the money was loaned to the defendant and that ."the defendant claims that this money was given to her by the plaintiff as a gift, without consideration or any promise to repay the same to him," the court charged the jury that the burden was upon the plaintiff to prove, by a preponderance of the evidence, that said money was loaned to the defendant, as claimed by the plaintiff ' in his petition, and the court also charged the jury that "it is incumbent upon the defendant, in order to legally establish a gift, to **prove** the same by clear and convincing evidence, with corroborating evidence supporting her own testimony to that effect," and also that "a gift canont be established by the testimony of the donee alone. A gift must be made out by corroborative testimony. Gifts are watched with caution by the courts, and evidence to support them must be clear and convincing," and the court thereafter said to the jury, "if you find, by a preponderance of the evidence, that said money was ' so loaned, as claimed in the petition, your verdict will be for the plaintiff. But if the defendant **sustains** her defense that it was a gift, by clear and convincing evidence, and corroborated as hereinbefore stated, your verdict in that event would be for the defendant."

It is urged that the court, in ,so instructing the jury, erroneously charged that the burden of proof was upon both the plaintiff and the defendant as to the controlling issue in the case,

With that contention we agree.

Under the pleadings, the issues were whether the defendant received the money from the plaintiff, and if she did, whether she expressly promised to pay it back or the circumstances were such as to imply a promise on her part to do so. As to such issues, the burden of proof was clearly upon the plaintiff, who had alleged that the defendant received the money and promised to repay the same, and there was no burden upon the defendant, who had merely denied the allegations of plaintiff's petition.

When the defendant was called for cross-examination, she admitted the reecipt of the money, but denied that she expressly or impliedly promised to repay the same, and then she was asked by counsel for plaintiff the following question: "You say this was a gift to you, this money?" and she answered, "Yes, sir."

She did not thereby introduce a new issue in the case; she simply testified to that which disproved plaintiff's claim that she expressly or impliedly promised to repay the plaintiff. She was not "seeking to establish a gift," as claimed in the brief of counsel for plaintiff; she was merely sustaining her denial that plaintiff loaned her the money; the transaction could not be both a loan and a gift, and to charge the jury that the burden of proving that it was

a gift was upon the defendant, placed upon her the burden of proving that it was not a loan and relieved tne plaintiff of the burden of proving that it was a loan.

Thus, after the defendant admitted receiving the money, the entire burden of proof was shifted to her shoulders the same as if she had confessed that she promised to repay the money' and claimed that she had done so; and, in addition, the jurors were told that her claim was regarded with disfavor by the courts and could not be established by her testimony alone but must be established by clear and convincing evidence. In our judgment to so charge was clearly error.

If the evidence tending to establish a gift was sufficient to equal or counterbalance the evidence tending to prove a promise to repay, then the plaintiff failed to sustain the burden cast upon him, and the defendant was entitled to a verdict.

Under a general denial, facts may be proved, although apparently new matter, which, instead of confessing or avoiding, tend to disprove those alleged by the plaintiff.

Defendant's evidence of a gift tended to refute the claim of a loan made by plaintiff, instead of admitting the loan and avoiding its force and effect, and therefore was admissible under the general denial.

The question was simply whether the plaintiff loaned or donated the money to the defendant, and the burden was on the plaintiff to sustain the issue he had raised.

The general rule that the burden of proving a gift is upon the party claiming it, is not applicable to a situation such as is presented by the pleadings an dthe evidence in this case. Title or interest in specific property was not involved, and there was no suggestion of fraud or undue influence or the existence of a relation between the parties which would naturally inspire the reposing of confidence in the party who acquired an advantage, and there was no mental or physical weakness or infirmity of either party, and the plaintiff was not the representative of an estate, but the action was between the two parties to the transaction giving rise to the controversy, and the defendant was not claiming a gift for the purpose of obtaining relief or establishing a distinct or affirmative defense.

A different situation would have been presented if the defendant had given a note and sought to avoid her promise to pay made therein, by trying to prove a gift; here she is merely disproving that she made any promise, express or implied.

As we view it, the general rule that he who makes an allegation which is denied, and which is a necessary predicate of his right to recover, must prove the same by a preponderance of the evidence or fail in his action, is applicable in this case.

Montanari v Haworth, 108 Oh St 8.

Wigmore Co. v Chapman, 113 Oh St 682, and cases therein cited.

For some cases involving gifts where the rule was applied, see Judson v Hatch, 157 N. Y. Supp., 182; Sterry v Fitzgerald, 111 Atl. 636; Payne v Williams, 160 Pac. 196; Burke v Burke, 185 NW 823; McAlpine v McAlpine, 278 Pac. 614; and Krull v Arman, 192 NW 961.

While it was proper for the court to define a gift, it was error, under the issue in this case (the burden of proving a loan being upon the plaintiff) to charge that courts viewed a claim of gift with suspicion, and that a gift could not be established by the testimony of the donee alone but must be proved by clear and convincing evidence, and, as has been said, it was error for the trial court to charge that the burden of proving that the transaction in question constituted a gift was upon the defendant.

For these errors in the charge, which were conclusively prejudicial (Cox v Waltz, Admr., 13 Abs 364, and Helvie v Ratta, 14 Abs 40, and cases therein cited), the judgment must be reversed and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.