## ALBERTS v DUNLAVEY

Ohio Appeals, 5th Dist, Coshocton Co

Decided April 30, 1936

42

Bowers & Stafford, New Philadelphia, and Glenn & Glenn, Coshocton, for plaintiff in error.

C. O. Turner, Coshocton, for defendant in error.

## OPINION

By SHERICK, J.

The defendant in the court of first instance, Elmer Alberts, plaintiff in error here, prosecutes error to this court from a judgment entered against him on a jury's verdict. The defendant in error here, Mary Ann Dunlavey, as and for her cause of action, alleged in the court below that in December, 1931, she entered into a verbal contract with Alberts whereby he promised and agreed to care for her during the balance of her life, to give her proper burial, and to erect a suitable monument at her grave, the consideration for these services being that she was to leave by will all her property to him, and that she, anticipating that all her property would eventually go to him, gave him at or about the time of the making of the contract an endorsed certificate of deposit in the sum of $4,300.49. She further averred that for some time the contract was performed by Alberts, but that it was thereafter breached by him without fault on her part, and plaintiff says that she had fully performed all covenants and things on her part to be done and performed. She prays for judgment in the sum of the certificate, plus interest.

To this pleading the plaintiff in error answered, admitting by way of a first defense the receipt of the certificate, and denying generally all other material averments. As a second defense the averments of the first defense are incorporated by reference, and it is pleaded that the plaintiff had delivered the certificate of deposit to him as a gift. It is further averred that he and his wife moved in with the plaintiff and that they left her home upon plaintiff's request. The reply denies all the answer's averments save such as are not inconsistent with the petition.

We have purposely set forth in detail the issue or issues as made by the pleadings in order that it may at once be understood that a breach of contract is sued upon. The action is purely one at law. The right to recovery is in no way grounded upon equitable principles, such as fraud, undue influence or unconscionable advantage. It will be noted that no amendment was sought either before or after judgment. We are, however, now asked to apply equitable doctrines in considering the errors relied upon in view of certain evidential facts, principally that the defendant in error is 86 years old and physically infirm, and that the plaintiff is a second cousin to her, and that a reasonable inference is deductible therefrom that the parties did not deal on terms of equality, because of physical weakness, and trust justifiably reposed, which resulted in the taking of unfair advantage.

The errors complained of are three in number, and all complain of error in the court's charge. The jury was instructed that the only issue before it was whether or not the certificate of deposit was a gift. It was further admonished that the burden of proof was upon the defendant to establish by a preponderance of the evidence that the delivery and receipt of the certificate was a gift. No burden was placed upon the plaintiff.

The defendant in error maintains as a rule of pleading that when Alberts admitted the receipt of the certificate, and averred such to have been received as a gift, he thereby confessed the existence of the contract, which he sought to avoid by

an affirmative defense, to-wit, that of a gift. It will be remembered that both defenses deny the existence of a contract. Can a pleader rely upon an admission of his adversary and disregard other substantive averments which qualify it? We think not, for as said in Sterry v Fitz-Gerald, 95 N. J. L., 51, 111 A., 636:

"Where a party to an action at law relies upon admissions in the pleadings of the other party as proof in support of his case, he must accept the admission in its entirety, and any statement in the pleading of another fact, connected with the admission, which nullifies or modifies the effect of the admission, must also be held as established, for the whole statement must be taken and construed together."

The plaintiff's theory, of course, was that the defendant's admission creates the presumption that the transaction was a loan and that the recipient was bound to repay it. Had it been pleaded and proved that the parties stood upon an unequal footing, such presumption might be sustainable. Such a claim was not made. The true presumption is, when parties stand upon equal footing, that the moneys were paid in satisfaction of a debt. This presumption endures until rebutted. Does the plea of gift disturb this presumption? We think not. Such a plea is unlike a plea of payment, which admits the contract and pleads a performance, while that of gift denies the existence of a contract. It denies the truth of the plaintiff's claim. It is not an affirmative defense which may not be proved under a general denial. For if it be established that the certificate was a gift it is to disprove that it was delivered in fulfillment of a contract. The rule is well stated in Payne v Williams, 62 Colo., 86, 160 P., 196:

"Under a general or specific denial of any part of the complaint which the plaintiff is required to prove to maintain his action the defendant, upon principle and authority, is at all times at liberty to prove anything tending to show the plaintiff's allegation is untrue."

It is axiomatic as a rule of evidence that he who has the affirmative of an issue must prove it. But like most rules an exception exists. In 2 Jones Commentaries on Evidence,

(2d Ed.), 1009, §549, the exception is recognized in those cases where a transaction is between fiduciaries, or where one who is the recipient of the favor obtains an advantage over the other because of a trust properly and justifiably reposed in the other. In those cases it is so held upon the theory that the transaction discloses an unfair advantage which creates an inference or presumption of undue influence; consequently the burden of proof is cast upon him who has reaped the advantage. The exception to the general rule, however, has its limitations. It properly applies to those cases in which title or interest in specific property is concerned. But such is not the case in this controversy. Fraud or undue influence is not present. A simple breach of a valid contract is relied upon for recovery, which in fact negatives any question of incapacity, unequal footing or unjustifiable reposing of trust and confidence.

The same question has received consideration in the case of **Grable v Henderson, 49 Oh Ap, 145, (18 Abs 445), 195 NE, 485,** and the general rule was there applied. In that cause the action was for money loaned, the defense was a general denial, under which evidence of a gift was received. The court said:

"The question was simply whether the plaintiff loaned or donated the money to the defendant, and the burden was on the plaintiff to sustain the issue he had raised.

"She (defendant) was not 'seeking to establish a gift,' as claimed in the brief of counsel for plaintiff; she (defendant) was merely sustaining her denial that plaintiff loaned her the money."

The case of **List & Son Co. v Chase, 80 Oh St, 42, 88 NE, 120,** has likewise a bearing on the presented question. There a contract was sued upon. The defendant averred a contract differing in its terms. It was held that the burden of proof remained with the plaintiff.

It is our judgment in the present case that the burden of proof was improperly cast upon the defendant, in view of the pleadings and proof, and that the court incorrectly defined the issue or issues of the case.

The third ground of error lies in the court's instruction to the jury that ordinarily persons of advanced age are not capable of transacting business. The law knows no such rule. Advanced age coupled with weakness of mind may be considered, as in

Tracy v Sacket, 1 Oh St, 54, for voiding, in equity, agreements that are unconscionable and entered into under undue influence or through fraud. The plaintiff recognizes the validity of her claimed contract. She thereby does not question her capacity because of her advanced age. Her testimony in fact evidenced a remarkable brightness and unimpaired intellect. This instruction was likewise highly prejudicial to the rights of the plaintiff in error.

For the reasons indicated the judgment is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded.

LEMERT, PJ, and MONTGOMERY, J, concur.