This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Timothy J. Blosser and Cheryl J. Blosser, appeal the decision of the Wayne County Municipal Court, which granted judgment in favor of appellee, Richard Blosser, in a suit requesting loan repayment brought by appellants against appellee. This Court affirms.
 I.
{¶ 2} Timothy and Richard are first cousins. Timothy resides in Waynesville, Missouri, and Richard resides in Dalton, Ohio. They have had periodic contact through the years, via in person meetings and telephone conversations.
{¶ 3} Richard invested in the oil futures market. In one of their conversations, Richard told Timothy that he had lost $15,000.00 from his oil futures investment. In May of 1995, Timothy and his wife Cheryl mailed a check for $5,000.00 to Richard. The check came from the couple's personal checking account and it did not contain any notations that the check was a loan. No other documentation exists that mentions the $5,000.00 check as a loan.
{¶ 4} In January of 1997, Timothy verbally demanded repayment of the $5,000.00 from Richard. Approximately three years later, Timothy had his attorney send Richard a letter demanding repayment of the $5,000.00. Timothy did not receive any money from Richard during this time frame.
{¶ 5} In April of 2000, Timothy and Cheryl filed suit against Richard in Wayne County Municipal Court, seeking repayment of the $5,000.00 that they claimed was a loan to Richard. The case went before the magistrate in November 2001, and he issued a proposed decision of judgment in favor of Richard in January of 2002. Timothy and Cheryl filed objections to the decision, Richard filed in opposition to their objections, and the trial court adopted the decision of the magistrate in favor of Richard on March 7, 2002.
{¶ 6} Timothy and Cheryl timely appealed and have set forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT DETERMINING WHETHER APPELLANTS MET THE BURDEN OF PROOF AS TO A LOAN FROM THE TOTALITY OF THE CIRCUMSTANCES."
{¶ 9} In their first assignment of error, appellants argue that the judgment of the trial court is against the manifest weight of the evidence. In their second assignment of error, appellants assert that the trial court erred as a matter of law by not determining whether appellants met the burden of proof as to a loan from the totality of the circumstances. This Court disagrees.
{¶ 10} For ease of discussion, this Court will address appellants' two assignments of error together.
{¶ 11} When evaluating whether the judgment is against the manifest weight of the evidence, this Court applies the same test in civil cases as it does in criminal cases. Tewarson v. Simon (2001),141 Ohio App.3d 103, 115. This Court must:
 {¶ 12} "Review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175. An appellate court should grant a new trial only in the exceptional case in which the evidence weighs heavily against the judgment. Id.
{¶ 13} Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]."Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the judgment, most favorable to sustaining the trial court's judgment." Id.
{¶ 14} In cases disputing whether money given constitutes a loan or a gift, this Court has stated "the general rule that he who makes an allegation which is denied, and which is a necessary predicate of his right to recover, must prove the same by a preponderance of the evidence or fail in his action [.]" Grable v. Henderson (1934), 49 Ohio App. 145,150.
{¶ 15} Timothy and Cheryl argue that the trial court's judgment in favor of Richard overlooks all the evidence with the exception of Richard's testimony. "A [judgment] is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact." State v. Haydon (Dec. 22, 1999), 9th Dist. No. 19094, appeal not allowed (2000), 88 Ohio St.3d 1482.
{¶ 16} It is well recognized that "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. After observing all the witnesses, considering their various testimonies, and judging the credibility of each witness, the magistrate found Richard's testimony more credible than Timothy and Cheryl's testimony. Richard testified that he never asked Timothy for a loan, Timothy offered to give him money, and so Richard considered the $5,000.00 check to be a gift from his cousin.
{¶ 17} The magistrate also found that Timothy and Cheryl did not provide any documentation or other evidence to support their claims that (1) the check was sent as a loan, and that (2) the parties agreed that Richard had a legal obligation to repay Timothy and Cheryl. The check itself did not indicate anywhere that it was a loan. The magistrate concluded that Timothy and Cheryl failed to prove the money sent to Richard was a loan.
{¶ 18} After careful review of the entire record, this Court finds that Timothy and Cheryl failed to show by a preponderance of the evidence that the $5,000.00 check was a loan, legally obligating Richard to repay them. The trial court's judgment in favor of Richard was not against the manifest weight of the evidence.
 III.
{¶ 19} Accordingly, Timothy and Cheryl's two assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.