OPINION
{¶ 1} Appellant Fred Davis, Jr., the executor of the estate of Fred Davis, Sr., appeals the decision of the Canton Municipal Court, Stark County, which denied appellant recovery in an unpaid loan claim against Appellee Norma Jo Davis. The relevant facts leading to this appeal are as follows.
 {¶ 2} The late Fred Davis, Sr. was the father of appellant and the husband of appellee.[1] On March 24, 2003, appellant, on behalf of his father's estate, filed a complaint seeking recovery of the balance of an alleged contract between Fred, Sr. and appellee for the financing of a 1999 Saturn automobile. An answer was filed by appellee on April 17, 2003. The matter proceeded to a bench trial on June 4, 2003, following which the trial court dismissed appellant's complaint.
 {¶ 3} Appellant timely appealed, and herein raises the following two Assignments of Error:
 {¶ 4} "I. The Trial Court Committed Reversible Error in determining that a loan was not made.
 {¶ 5} "II. The Judgment of Dismissal is not sustained by sufficient evidence."
 I. {¶ 6} In his First Assignment of Error, appellant contends the trial court erred in concluding that no loan was made to appellee by Fred Sr. We disagree.
 {¶ 7} Appellant first proposes that appellee waived her claim that the purported loan was a gift by failing to raise such a defense in her answer. However, this Court has previously held that it is not necessary to plead "gift" as an affirmative defense in an action claiming a money transfer was a loan. See Talarico v. Cappell-Bovee (April 24, 1989), Stark App. No. CA-7681. In Talarico, we quoted as follows from Albertsv. Dunlavey (1936), 54 Ohio App. 111, 114: "Such a plea [of gift] is unlike a plea of payment, which admits the contract and pleads a performance, while that of gift denies the existence of a contract. It denies the truth of the plaintiff's claim. It is not an affirmative defense which may not be proved under a general denial." Appellant's initial proposition is thus without merit.
 {¶ 8} Appellant secondly contends the court improperly placed on him the burden to prove the transaction was a loan. "When a transaction is made that benefits a family member, there is a presumption that the transaction was intended as a gift." Wertz ex rel. Estate of Jurkoshekv. Tomasik (Feb. 7, 2001), Summit App. No. 20209, citing Creed v.Lancaster Bank (1852), 1 Ohio St. 1, 10. Appellant does not challenge this long-recognized family gift presumption, but cites Sutton v.Galbraith (1908), 7 Ohio N.P. (N.S.) 293, affirmed (1910), 82 Ohio St. 421, for the proposition that the law looks with suspicion upon gifts among relatives, and that the uniform rule is that no gift of this nature will be sustained upon the testimony of the donee alone. However, the Sutton
Court analyzed whether in a probate case, wherein a sum of United States bonds, which were claimed by the decedent's sister as a gift from the decedent, should be awarded to the sister as a gift causa mortis. In the case sub judice, in contrast, appellant was the plaintiff in a civil action, asserting on behalf of his father's estate that appellee was a debtor to the decedent, and ultimately the trial court was "not convinced by a preponderance of the evidence" that appellant's father made a loan to appellee. Judgment Entry at 2. Upon review, we find no error in the trial court's reasoning as to the burden of proof in this matter.
 {¶ 9} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 10} In his Second Assignment of Error, appellant argues the trial court's judgment is not supported by the evidence. We disagree.
 {¶ 11} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries
(Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 12} The record reveals that Fred Sr. wrote a check to Saturn Motors on October 13, 1998, in the amount of $12,610.76. At that same time, appellee contributed $5,000 towards the purchase price of the Saturn. The car was titled in appellee's name after purchase. According to appellant's recollection, Fred Sr. was "very, very frugal," (Tr. at 17), and appellant introduced a ledger page found in Fred Sr.'s personal effects which listed fifteen sporadic payments from appellee between March 11, 1999 and May 15, 2001, most of which were in the amount of $300. The page was captioned "Norma Jo Davis $12,610.00 Car Saturn." Plaintiff's Exhibit 1. Appellant recalled that at a Sunday afternoon dinner shortly after the purchase of the Saturn, appellee stated that "she had to pay [his] father back for that car." Tr. at 20. Appellant also testified: "* * * well, hell, she said, I gotta pay him back, it wasn't a gift and later on I talked to my father that same day and I said, well you bought Norma Jo a car and he goes, I didn't buy her — I didn't buy her a car, I paid for it, I wrote the check, but she's paying me back in full for the automobile." Tr. at 10.
 {¶ 13} Appellee denied any agreement to repay Fred Sr. the roughly $12,600 amount at the time of the purchase. Tr. At 34. She further had no recollection of the alleged conversation between herself and appellant regarding repayment to Fred Sr. Tr. at 35. However, appellee testified that in March 1999, Fred Sr. indicated "he felt [appellee] should pay him back." Id. Appellee noted that she made the payments "just to keep peace in the family," and that Fred Sr. nonetheless continued to put $800 per month into a joint account held by the couple. Tr. At 37-38. Finally, appellee testified that Fred Sr. had told her that if he died, "that would be the end" of the payments. Tr. at 38.
 {¶ 14} We have often emphasized that the finder of fact is best able to determine the credibility of the evidence, and this Court must refrain from substituting our judgment on a cold record for that of the fact finder. See, e.g., United Hydraulics v. Strong Industries, Inc.
(Dec. 7, 1998), Licking App. No. 98CA71, citing Seasons Coal Company,Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77. Upon review, we find the record supports the trial court's conclusion that a loan contract was not proved in the case sub judice.
 {¶ 15} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
Hoffman, J. and Farmer, J., concur.
[1] Appellant and appellee are not biologically related; the record before us suggests Fred Sr. and appellee were married approximately thirteen years prior to Fred Sr.'s passing.