## WENZ v HAMILTON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2522.   Decided Oct 7, 1935

Addison & Addison, Columbus, for plaintiff in error.

Hamilton, Kramer & Wiles, Columbus, for defendants in error.

## OPINION

By HORNBECK, J.

Upon a careful reading of the transcript of testimony and a careful consideration thereof, we can not say that the verdict of the jury was against the manifest weight of the evidence. The claim of the plaintiff was that Margaret Maley, a sister of defendant Jennie A. Wenz, had loaned to said defendant the sum of $5000.00; that Margaret Maley borrowed the money to make the loan, securing it by a mortgage on certain real estate owned by her in Columbus; at the same time that the loan was made to the defendant Margaret Maley borrowed $3000.00 which she loaned to another sister Mary Tully. The record discloses that prior to the time that Margaret Maley raised the money in controversy, defendant visited Columbus and called upon several building and loan associations, the purport of which, it may be inferred, was to negotiate a loan. It is admitted that Margaret Maley did not owe the defendant. It is also proven and not disputed that defendant paid by her husband to Margaret Maley in her lifetime, and at least once to her administrator after her death, interest at the rate of 6% per annum on said sum of $5000.00. It also appears that Margaret Maley soon after the passing of the $5000.00 to defendant and the $3000.00 to

Mary Tully, and at other times prior to her death, was in straitened circumstances and in need of funds which were advanced by her sisters, and particularly Mary Tully. There is also some evidence that defendant had stated that she had given a note for the money to Margaret Maley.

It was the claim of the defendant that the facts adduced by the plaintiffs and the inferences to be drawn therefrom did not support a finding that the transaction between Margaret Maley and defendant was a loan, but on the contract the transaction was a gift. Testimony supporting the claim that the money was given by Margaret Maley to the defendant was offered by Mary Tully, Katherine M. Walter and the defendant, all sisters of Margaret Maley, and by Joseph A. Wenz, husband of the defendant. Their testimony was definitely to the effect that plaintiff's decedent had indicated a purpose to give the $5000.00 in question to the defendant and $3000.00 to Mary Tully, and that after she had secured the money by loan with which to make these gifts she went to Dayton and there presented a check to the defendant for the sum of $5000.00; that Margaret Maley stated that the check was a gift and that thereupon the defendant offered to make her a note for the full amount which plaintiffs' decedent refused; that thereupon it was agreed that the defendant should pay six per cent interest on the principal sum, the subject of the gift, so long as Margaret Maley lived.

Upon the facts adduced by the plaintiffs and inferences to be drawn therefrom, and from testimony of certain of the witnesses for the defendant, the jury was within its province in determining that the plaintiffs had made their case by the required degree of proof. Unfortunately for the defendant the former testimony of each and all of her witnesses for the defendants was contradictory in particulars to that which was given on the trial of the instant case. This required the jury to make determination as to the credibility of the witnesses and the probability of their statements. When that situation arises a reviewing court should not intervene and set up its judgment of the probative effect of the evidence as against the determination of the jury.

The claimed errors numbered 2, 5 and 6 are directed to certain parts of the general charge and special instruction No. 6 given before argument by the court at the request of the plaintiff, wherein the burden of proof was placed upon the defendant to show a gift of the $5000.00 to defendant

by Margaret Maley, by clear and convincing evidence. Specifically the court in the general charge said at page 203 that the burden of proof as to all the material allegations of the petition was upon the plaintiff, that the issue in controversy is whether the money was loaned or not, and that it was incumbent upon the plaintiff to prove by a preponderance of the evidence that the money was loaned by Margaret Maley to the defendant. Thereafter, the court used the following language on page 205 of the general charge:

"If you find from the evidence adduced by the plaintiff that that evidence unexplained supports the allegations of plaintiff's petition the burden of proof is then upon the defendant to show that this transaction was a gift rather than a loan."

The elements of a gift are set forth. At the bottom of page 205,

"Now, the issues in this case are very simple. This is simply a question of whether or not the transaction was a gift or whether it was a loan. If the transaction was a gift your verdict must be for the defendant."

Plaintiff's special instruction No. 6 was as follows:

"The issue in this case is whether the $5000.00 delivered to the defendant was a loan. If you find that at the time the check was delivered and cashed Margaret Maley was not indebted to the defendant, coupled with proof of payment of interest on the obligation at subsequent times, this makes a prima facie case to show that the transaction was a loan, and that the defendant promised to repay the same. The burden of proof is then on defendant to show by clear and convincing evidence that the transaction was a gift."

The claim of the plaintiffs in this case was that the defendant had expressly or impliedly promised and agreed to repay with interest the $5000.00, which passed from Margaret Maley to the defendant. By general denial this claim was put in issue and it was incumbent on the plaintiffs to establish all of the essentials of their claim. At all times the burden was upon the plaintiffs to prove that the transaction in question was a loan, and any infirmity in their own proof or doubt that might arise because of the strength of the evidence adduced by the defendant which was sufficient to prevent the jury finding that the evidence in behalf of the plaintiffs preponderated, was sufficient to warrant a verdict for the defendant. The proof in this case did not take on such form as that a prima facie case could be said to be made at any stage of the proof. Here there was no note signed by the defendant offered in evidence in which event certain presumptions would arise.

In **Ginn, Admr. v Dolan, 31 Oh St, 121,** the court said:

"The weight of the evidence, or as it is otherwise expressed, the preponderance of the evidence, may vary from side to side as a trial progresses; but the burden, which rests upon the plaintiff to establish the material averments of his cause of action by the preponderance of the evidence, never shifts. The party who maintains the affirmative of an issue carries the burden of proof through the whole case, although he may be aided by such a rebuttable presumption of law, or such facts, as would prima facie support his contention. His opponent need do no more than counterbalance the presumption, or prima facie case."

If this were a case where upon certain proof a prima facie case could be said to have been made, then the only obligation that would rest upon the defendant would be to produce testimony which would countervail or balance that adduced to make the prima facie case.

Many cases have been cited by counsel for both parties, in Ohio and elsewhere. We do not believe that it would serve any useful purpose to consider and comment on these cases at any great length. We are satisfied to rest this opinion upon the general proposition heretofore discussed and analyzed in Ginn v Dolan, supra, and particularly upon the decision in **Grable v Henderson,** Ohio Bar, April 15, 1935, 145, **(18 Abs 445),** the syllabus of which is:

"In an action by H in which he alleges that he loaned G certain money, which she promised to repay, and G answers a general denial, evidence is admissible on the part of the defense that the money was received as a gift; and there being no evidence of a fiduciary relationship existing between the parties, or of fraud or undue influence or of any mental or physical weakness or infirmity of either party, the burden of proof is upon H to establish, by a preponderance of the evidence that the transaction constituted a loan and was not upon G to show that the transaction was a gift."

Judge Washburn, writing the opinion, discusses the burden of proof under the

pleadings and facts and cites authorities. We are in thorough accord with the conclusion reached and with the reasons and citations supporting it. There is no material difference between the question presented in Grable v Henderson, supra, and in the instant case. There, under general denial of an allegation of a loan and proof tending to show a gift, the court placed the burden upon the defendant of proving a gift by clear and convincing evidence, with corroborating evidence supporting her own testimony to that effect. The charge was very much like the one given in the instant case. The court properly held, in our judgment, that the claim of gift was not an affirmative defense, but defensive matter, and clearly admissible under general denial.

We have examined the cases wherein courts have placed the burden of establishing a gift upon the party by clear and convincing proof, but in such cases either the party upon whom the burden of proof was placed was asking affirmative relief or the questions presented were of law in which the court was not discussing burden of proof, and there was no dispute in the facts. The court erred both in the general charge and in the special charge before argument in placing the burden of proof at any stage of the trial upon the defendant to prove that the transaction under consideration was a gift.

The 3rd ground of error is that the court erred in sustaining a demurrer to the supplemental answer. We do not find this claim of error sustained. The cause which was on trial and to which the petition in error is directed bears the same title and is the same cause as was instituted by the plaintiffs against the present defendant and former defendant Joseph A. Wenz. The supplemental answer pleads that the issues joined between the plaintiffs in this case and the defendant Jennie A. Wenz are identical with those joined between the plaintiffs and the defendants Joseph A. Wenz and Jennie A. Wenz, and that the court on the merits entered a judgment in favor of the defendant Joseph A. Wenz on said joint cause of action. It is claimed by defendant that there is no authority in Ohio for entering judgment against one joint judgment debtor if theretofore judgment had been entered in behalf of another claimed joint debtor upon the same cause of action. The entry upon which counsel for defendant relies in the action wherein judgment was rendered for defendant, Joseph A. Wenz, recites:

"This day this cause having been regularly assigned for trial, came on to be heard by the court and jury and at the close of plaintiffs' testimony the said defendant Joseph A. Wenz moved for a judgment on the undisputed evidence offered on behalf of the plaintiff, and the court finds said motion well taken and sustains the same. Therefore it is ordered, adjudged and decreed that the petition herein be dismissed on its merits as against the defendant Joseph A. Wenz * * *."

If the plaintiffs had sustained their claim that the defendants had promised to pay plaintiffs' decedent, it would have been tantamount to a showing that the defendants had signed a promissory note reciting 'We promise to pay.' In this situation it is said in 29 Ohio Jurisprudence, p. 1056, the general rule that such a note is a joint note solely receives support, but there is a decision to the effect that such notes are joint and several. For the first proposition there are cited Avery v Van Sickle, 35 Oh St, 270; McCoy v Jones, 61 Oh St, 119. For the second proposition there is cited Hecker v Mahler, 64 Oh St, 398. In the last mentioned case Davis, J., speaking for the court, page 410 of the opinion, said:

"It has been settled, in this state, that a promissory note in the form of the one involved in this case is joint and several; (the form of the note was 'Six months after date we promise to pay')."

This is the last pronouncement of the Supreme Court on the proposition, so that if upon the state of the record we could say that the proof had developed a promise by both defendants to pay, then the liability would have been several as well as joint, and the fact that judgment was rendered for one defendant upon the merits would not alone bar judgment against the other defendant. However, there is no inconsistency in a judgment in behalf of one defendant in this action at the close of plaintiffs' case upon the theory that he did not promise to pay. Upon the general denial of the defendants there was in issue not only the question whether or not both promised to pay, but whether or not either promised to pay. It must have been and probably was the fact upon this record that there was no proper showing that the defendant Joseph Wenz had promised to pay. Inasmuch as this is the same action which went to trial as against both defendants, the trial court could have taken judi-

cial notice of the state of the record, but whether or not this was done, the supplemental answer of defendant, Jennie Wenz, is not sufficient to preclude the determination that the jury never got beyond the question whether or not defendant Joseph Wenz promised to pay. Before res adjudicata is well pleaded it must appear that the precise point which is determinative of the case stated in the petition had theretofore been adjudicated. Such is not necessarily the fact in the instant case.

The 4th ground of error is directed to the action of the court in admitting testimony offered by the plaintiff and rejecting evidence offered by the defendant. A number of instances are set forth. We have examined the questions presented and are satisfied that if in all instances the action of the trial court had been erroneous it would not have been prejudicial nor have required a reversal of the judgment. If error occurred it was inadvertent and not because of any misconception of the law.

The 7th ground of error is that there was misconduct of counsel for plaintiffs in arguing to the jury over exception excluded incompetent evidence. Plaintiff's Exhibits 31 and 32 were the application of the plaintiff administrator to bring suit and the court order on said application. These exhibits were not admitted by the trial court and counsel was therefore not justified in stating to the jury that the Probate Court had ordered the action to be brought. The fact that such an order had been made was of no probative effect. The argument of counsel for plaintiffs respecting the making by the sisters of joint wills was not strictly in accord with the testimony, which was to the effect that each of the three sisters had made a separate will in which her property was given to the others. However, the error in our judgment was not prejudicial, and not of sufficient consequence to support a ground for reversal.

For the reasons heretofore stated, namely, error of the trial court in its general charge and in plaintiffs' special charge No. 6 given before argument respecting the burden of proof, the judgment will be reversed and cause remanded for new trial.

BARNES, PJ, and BODEY, J, concur.