## ALKIRE v ALKIRE

Ohio Appeals, 2nd Dist, Madison Co

No 123, Decided May 18, 1936

John R. Tanner, London, for plaintiff.
D. H. Jackman, London, for defendant.

## OPINION

By BODEY, J.

This case is before the court on appeal.

In his petition plaintiff declares on an express trust and alleges that the defendant holds certain real estate situate in the town of Sedalia, Madison County, Ohio, in trust for plaintiff and prays that the defendant be ordered to convey said property to plaintiff.

The amended answer of defendant contains three defenses. In his first defense defendant admits that he attended a public sale of the land described in the petition; that he was the highest bidder therefor; that his bid was accepted; that he received a deed therefor, which was duly recorded; that ever since the date of purchase he has been in possession of said premises; and further defendant denies the remaining allegations of the petition. In the second defense defendant alleges that plaintiff gave to him the sum of $100.00 in currency and $1200.00 by certificate of deposit, as gifts; that the same were so accepted by defendant and that the proceeds of these gifts were applied to the purchase of the real estate described in the petition. In his third defense defendant alleges that if these sums of money be not found to be valid gifts, then the same were transferred by plaintiff to defendant for the purpose of placing his property beyond the reach of his creditors and with the intent and purpose of hindering and delaying a certain threatened action by one Ida Kellar.

By reply plaintiff denies the allegations contained in the second and third defenses of the amended answer and further says that defendant conspired with and induced said Ida Kellar to institute action against the plaintiff and at the time that the real estate described in the petition was deeded to the defendant, plaintiff was the owner of other real estate, of the value of $1750,

which was at all times free and unincumbered.

The evidence shows that prior to August 26, 1933 the plaintiff was the owner of an unencumbered piece of property situate in Sedalia, Madison County, Ohio, which was worth from $1500.00 to $1800.00, the same being known as the Peters property; that plaintiff was a widower and a second cousin of defendant; that plaintiff and defendant entered into an arrangement whereby the defendant and his wife would move into the Peters property and would make a home for plaintiff; that plaintiff was to pay therefor the sum of $5.00 per week; that this arrangement became effective in October, 1932; that on August 26, 1933 the property adjoining, known as the Dorn property, was offered for sale at public auction; that the defendant was the bidder for said property, having bid the price of $1300.00; that defendant had no money; that plaintiff furnished to defendant the sum of $100.00 in cash on the day of sale as a down payment; that on January 28, 1933 a safety deposit box had been rented by plaintiff but taken in the name of defendant; that plaintiff had placed his valuable papers in said box; that on Sept. 11, 1933, plaintiff took out of said box a bond of the face value of $1000.00, cashed it, added to it the sum of $200.00 and directed the cashier of the London Exchange Bank to issue a certificate of deposit payable to defendant for the sum of $1200.00; that said certificate was issued, delivered to the defendant, and by him used to pay the balance upon the purchase of said Dorn real estate; that the deed for said property was made in the name of defendant and was recorded, plaintiff paying the fees therefor; that the parties then moved into the Dorn property where they continued to live until the latter part of August, 1934, at which time trouble arose and the plaintiff moved away; that prior to the purchase of the Dorn property the plaintiff had had some demands made upon him by Ida Kellar of Columbus, who claimed that he was the father of her child, which had been born on March 29, 1933; that on May 10, 1935 a complaint in bastardy was filed against plaintiff by said Ida Kellar and on September 13, 1935 a settlement of said proceedings was consummated, whereby plaintiff paid to Ida Kellar the sum of $175.00. None of the foregoing facts are in dispute.

The evidence further discloses that the overtures concerning the purchase of the Dorn property were made by plaintiff and that the entire plan for the purchase and conveyance of the property was engineer-

ed by him. The evidence shows that the plaintiff paid taxes for approximately two years upon the Dorn property and that the defendant claims that he refunded to plaintiff the amount of these payments. Both of the parties contend that they paid insurance and repair bills on the property.

It is claimed that plaintiff made certain admissions concerning the ownership of the Dorn property, but testimony to this effect is denied by the plaintiff. It is apparent from the testimony of defendant that no gift of the contents of the safety deposit box was effected prior to the date of the purchase of this property, as the defendant testifies on page 67 of the record that when the safety deposit box was rented plaintiff told him that the contents should be claimed by him in case of any trouble with the Columbus woman: In his testimony concerning the purchase of this property the defendant says at page 69:

"I was out in the back yard when he came out; he says, 'Pete, how would you like to own that place and live over there?' I said I would like to do a good many things, but money talks. He says, 'if you want that go up there to the sale and buy it. I'll give you the money to pay for it'."

In his further testimony concerning the purchase of this property the defendant said at page 68:

"Q. Were there any other times when he made any statement to you in regard to protecting his property against the woman in Columbus?

A. One other time after I bought this property.

Q. That is the Dorn property?

A. Yes.

Q. All right?

A. The first time was when we were sitting at the table, the first or second day after we moved there. He looked at me; he says: 'Pete, this place is yours. You can go ahead and fix it the way you want it. You won't have to worry. The reason I am giving you this property I would rather you would have every penny I got rather than that woman in Columbus.' Another time, a short time after that, I can't recall how many days, we were out in the yard. He says: 'Pete, this is all yours. I am giving you this. I always want you to have a home. You got this in your name and no danger of them taking it away from you'."

It is the law that, as between parties who are not closely related, the party who furnishes the purchase price intends that property bought with his money will inure to his benefit.

"It may be considered as settled that when A furnishes B with money to be invested in land, which is so invested, B taking the title in himself, the title thus acquired is held in trust for A." 40 O. Jur. 275, §98.

It is a well-settled principle, too, that the burden of proof to establish an express trust upon a deed absolute on its face is upon the plaintiff and that the burden must be sustained by clear and convincing evidence 40 O. Jur., page 167, §34, etc.

We are of opinion that the burden of proof in this case on the issues raised between the petition and the first and second defenses of the answer was on the plaintiff. This court held in the case of Wenz v Hamilton et, 20 Abs 187, that in an action for money loaned, the defendant, under the plea of a general denial, might offer evidence tending to establish that the transaction was a gift and not a loan and that in such an action the plaintiff had the burden of proving the allegations of his petition, no burden being upon the defendant to establish the transaction as a gift. It seems to us that this case is authority for the proposition that no burden would be upon the defendant to sustain the allegations set up in his second defense. If the sum of $100.00 which was turned over to defendant in cash and the certificate for $1200.00 were delivered to defendant as gifts, the plaintiff could not direct the manner in which said sums should be expended. If they were gifts and if the defendant chose to purchase the Dorn property with them no express trust could be created in the purchase for the benefit of the plaintiff.

It is our view, from an examination of all of the evidence, that the plaintiff has sustained the burden of proof cast upon him and that he has shown to the court that the sum of $1300.00 was turned over to the defendant for the purchase of the real estate in question on a contract whereby the defendant would convey to plaintiff upon his demand. There is nothing at all in the testimony of any of the parties which would indicate that the plaintiff intended to give to defendant the $100.00 or the $1200.00. The testimony is rather to the effect that

plaintiff positively controlled the disposition of these two sums of money and directed the defendant concerning the method and manner of the expenditures of the money. It will be noted that defendant does not claim a gift of the real estate. His claim is solely that the money with which he purchased the real estate was given to him by plaintiff.

On the issues raised between the petition and the third defense of the amended answer, the court is of opinion that the burden of proof was upon the defendant. This defense is in the nature of a confession and avoidance. By raising it the defendant in effect admits that he took the property described in the petition in the first instance under a contract with plaintiff, whereby he would convey to him when desired. However, when this defense is pleaded the defendant claims that the plaintiff does not come into court with clean hands and that plaintiff should not be permitted to benefit by his own fraud, practiced upon his creditors. Counsel for the parties agree that this conveyance was not in fraud of the creditors, because at the time that these sums of money were turned over to defendant the plaintiff remained the owner of sufficient property unencumbered to pay all of his debts and was not insolvent. Yet, if the transfer of these sums of money by the plaintiff to defendant was for the purpose of hindering or delaying the creditors of plaintiff, the court would not permit the plaintiff to benefit thereby, but would leave the parties where they had placed themselves. This proposition appears to be well established and is unquestionably the law of Ohio. 19 O. Jur. 776, §100.

A full examination of the evidence does not lead the court to believe that this transfer of money to the defendant was effected by plaintiff for the purpose of hindering or delaying Ida Kellar in the collection of any claim which she might have against the plaintiff. The court is unable to conclude from this record that there was present at the time this money was furnished to defendant an intention on the part of plaintiff to hinder and delay his creditors, especially Ida Kellar, nor can the court conclude that the action of plaintiff in the transfer did in fact hinder or delay Ida Kellar in the collection of her claim against him. The testimony falls far short of establishing the third defense offered by defendant and even if the burden of proof was upon the plaintiff on the issues thus raised, the court would be of opinion that the burden had been sustained by him and

that he should recover as prayed for in his petition.

The court finds on the issues raised between the petition, the amended answer and reply thereto in favor of the plaintiff and against the defendant. Defendant is ordered to convey the real estate in the petition described to plaintiff within fifteen days. Upon refusal so to do a certified copy of the entry of this decree shall be filed in the recorder's office and shall operate as a transfer. The defendant should pay the costs. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.