HAMILTON W. CADY *vs.* ALICE B. N. CASE.
EDITH W. CADY *vs.* ALICE B. N. CASE.

MARCH 6, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. The above entitled cases are actions of trespass on the case to recover damages for personal injuries sustained by Mrs. Cady alleged to have been caused by the negligence of the defendant. The cases were tried together in the Superior Court and resulted in verdicts for the defendant. The plaintiff in each case filed a motion for a new trial which was denied by the trial justice. Each case is now before this court on plaintiff's exceptions. The exceptions are the same in each case.

The plaintiffs press their exception to the denial of their motions for a new trial on the ground that the verdict is against the weight of the evidence.

The testimony shows that shortly before eleven o'clock p. m., October 29, 1921, an automobile owned and driven by Frank J. Bradford collided with an automobile owned and driven by the defendant on the state highway near the foot of Prince's Hill in the town of Barrington. At the place of collision the highway runs in a southerly direction. The road is of tarvia construction, eighteen feet wide, with gravel shoulders on each side. Mr. Bradford testified that accompanied by his wife and the plaintiff, Mrs. Cady, he was driving his automobile about twenty miles an hour in a southerly direction on the right-hand side of the tarvia road; that as he neared the foot of Prince's Hill he saw the head-lights of defendant's automobile at the top of the hill; that her automobile seemed to be coming quite fast and in an erratic course from the side of the road towards the center and back again, and that as it neared him it straightened out and kept on its side of the road until it was within ten or twelve feet of his automobile when it suddenly turned to the left, crossed the center line of the tarvia road and struck his automobile at its front end, bending back its left front mudguard, breaking off its left front wheel and tipping it over on its right side. He was corroborated in his testimony by Mrs. Cady.

The defendant testified that she was driving her automobile towards Providence at the time of the collision; that when she arrived at the top of Prince's Hill she threw her automobile into second speed and came down the hill eight to ten miles an hour; that she drove a straight course with the right wheels of her automobile no more than two feet from the right-hand edge of the tarvia road; that she saw the headlights of the automobile in which the plaintiff, Mrs. Cady, was riding approaching on its right-hand side of the road; that when it was nearly opposite her it suddenly changed its course to its left and struck her autmobile on its left side and that as a result of the collision, her automobile curved in back of the other automobile and ran off the highway. Two automobile repair men testified that

they examined the defendant's automobile the morning after the collision and found that the front end of the left mudguard was all right but that the end, where it was fastened to the running board, was crumpled up; that the left running board was damaged; and that the left side of the chassis was bent in almost in the middle, causing its left front end to bend out. One of these witnesses inspected Mr. Bradford's automobile and found that its frame was pushed in from its left front corner, its left front wheel broken off and left mudguard rolled under.

The testimony as to who was responsible for the collision was so conflicting that it was imperative that the issue be submitted to the jury. It was for them to pass on the credibility of the witnesses and the weight to be given to the testimony of each of them. The damage done to the automobiles was shown and the inference as to how it was caused was a matter peculiarly for the jury. The verdict has been sustained by the trial justice. We have carefully read and considered the testimony and as his decision does not appear to be clearly wrong the exception thereto is not sustained. *Wilcox* v. *R. I. Co.*, 29 R. I. 292.

Plaintiffs claim an exception to a portion of the charge to the jury on the question of the contributory negligence, if any, of Mrs. Cady. We find no error in the portion of the charge excepted to. Plaintiff's attorney complains that the trial justice did not sufficiently instruct the jury in the standard of care required of Mrs. Cady in order to relieve her from the imputation of contributory negligence, and that he did not sufficiently instruct the jury in the matter of the proximate cause of the accident. No request was made for instructions in these particulars. It is a rule of very general application that if instructions are correct as far as they go, it cannot be assigned as error that the court omitted to instruct on all points involved in the case if the attention of the court was not directed thereto by special request for instructions on those points. 38 Cyc. 1693.

Where an instruction is proper so far as it goes, a party desiring a more specific instruction must request it. Vol. 2 22d. Dec. Dig. 746, Trial, p. Sec. 255; 758, Sec. 256; *Warner Sugar Refining Co.* v. *Metropolitan Wholesale Grocery Co.*, 46 R. I. 158. The exception is overruled.

Another exception is that the trial justice, in charging the jury, referred to the plaintiff as Mrs. Case. It appears in the transcript that this mistake occurred twice. No request was made to the trial justice to correct his mistake in this particular, and the exception is untenable. If the court misstates evidence to the jury neglect or failure of counsel to call the attention of the court to it at the time is a waiver of the right to take advantage of it afterwards. *Case, Jr.* v. *Dodge*, 18 R. I. 661; *Wheeler* v. *Schroeder*, 4 R. I. 383.

Plaintiffs' other exceptions were expressly waived and therefore are not considered.

All of the plaintiffs' exceptions in each case are overruled, and each case is remitted to the Superior Court for entry of judgment for the defendant on the verdict.

*Charles R. Easton*, for plaintiff.

*William S. Flynn, Edmund W. Flynn, William M. P. Bowen*, for defendant.