By the Court.
 

 This cause was instituted in the common pleas court by the appeal of Mabel Weaver from the order of the Industrial Commission denying her compensation on account of the death of her husband. In that court issues were joined, the commission denying in its answer that the deceased had sustained his injuries in the course of employment and that the death had resulted from the injuries so sustained. Trial was had resulting in a verdict and judgment for the appellant. This judgment was affirmed by the Court of Appeals and the case certified to this court for review.
 

 In the trial court the burden of proof was upon the plaintiff; and it is upon that feature that error is predicated by the commission. The trial court had given certain special requests to the jury before argument. In alluding to these requests in the general charge the trial judge said: “In these special requests I have said to you that if you find from k preponderance of all the evidence one way or the other your verdict shall go in the way that you find the preponderance.” This is erroneous for the reason that it contains a suggestion that the verdict should go in favor of the defendant if the jury found the preponderance in its favor. The burden of proof at all times was
 
 *19
 
 upon the plaintiff, and not upon the defendant. Another error committed by the trial court was this: After the general charge had been given, and during a colloquy between court and counsel, the court said to the jury: “Give to this case a candid and fair consideration and when you return with your verdict have one which simply satisfies yourselves and which you believe to be right.” The use of the last clause in this charge was also unfortunate, since the jury are to be guided, not by what they may believe to be right, but by the preponderating evidence of creditable witnesses. Furthermore, the use of the word “satisfies” was not qualified in any manner; had the court qualified it by saying in effect “satisfies you by a preponderance of the evidence,” or by language of similar import, we would not be inclined to reverse the judgment. But the court used the term without any qualification.
 
 Travelers’ Ins. Co.
 
 v.
 
 Gath,
 
 118 Ohio St., 257, 160 N. E., 710.
 

 Because of the foregoing errors in the charge of the court upon the phase of preponderance, the judgments of the trial court and appellate court will be reversed and the cause remanded to the trial court for further proceedings according to law.
 

 Judgment reversed.
 

 Weygandt, O. J., Day, Allen, Stephenson, Jones and Matthias, JJ., concur.