VALENCIC, APPELLEE, *v.* THE AKRON & BARBERTON BELT RD. CO., APPELLANT.

(No. 2806—Decided March 24, 1937.)

*Messrs. Harrison & Marshman* and *Mr. Harry N. Van Berg,* for appellee.

*Messrs. Waters, Andress, Wise, Roetzel & Maxon,* for appellant.

WASHBURN, J. This action was brought in the Common Pleas Court by Joe Valencic, appellee here, against The Akron & Barberton Belt Railroad Company, appellant here, to recover damages for an injury received by Valencic when his automobile, in which he was riding and which was being operated by his son, was struck by a switch engine of the railroad company upon a public highway grade crossing. The trial resulted in a verdict and judgment for Valencic, and the cause is before this court on appeal on questions of law.

In his petition, Valencic made several charges of negligence against the railroad company, and, for the

purposes of this opinion, we are assuming that the finding of the jury that the railroad company was guilty of negligence which was a proximate cause of said injuries, is not manifestly against the weight of the evidence; and we are expressing no opinion as to the finding of the jury on the question of contributory negligence of Valencic, which was made an issue both by the answer of the defendant and by the evidence introduced on behalf of Valencic in his case in chief.

The question we are determining has reference to the charge of the court upon the burden of proof on said question of the contributory negligence of Valencic.

The court charged the jury that the burden was upon the railroad company to prove by a preponderance of the evidence that Valencic was guilty of contributory negligence, and then later in the charge the court again instructed the jury on that subject as follows:

''Now, however, if upon considering this question you come to the conclusion, or have come to the conclusion, first that the plaintiff has proven negligence and direct and proximate cause by preponderance of the evidence, as I have defined it to you, *and that the defendant has FAILED to prove contributory negligence by a preponderance of the evidence,* as I have defined it to you, you would then come to the conclusion that you must return a verdict for the plaintiff in such an event.'' (Italics ours.)

An exception was taken to the charge of the court, but no request to otherwise charge on the subject of the burden of proof as to contributory negligence was made, and no complaint is made as to the charge of the court on contributory negligence except in reference to the burden of proof thereof.

The claim of the railroad company is that said charge upon the subject of the burden of proof as to contributory negligence was erroneous, because said charge on that subject was incomplete, in that it was silent as to the duty of Valencic to introduce evidence which counterbalanced any inference of contributory negligence that may have arisen upon the evidence in his behalf, and that upon the evidence shown by the record it was error for the court to decide as a matter of law that the burden upon the question of contributory negligence was upon the railroad company; and further that such error was one of commission and not mere omission.

If the court imposed a greater burden of proof than the law requires, prejudice is presumed. *Montanari* v. *Haworth,* 108 Ohio St., 8, 140 N. E., 319; *Tresise* v. *Ashdown, Admr.,* 118 Ohio St., 307, 160 N. E., 898; *Cleveland Ry. Co.* v. *Goldman,* 122 Ohio St., 73, 170 N. E., 641; *Industrial Commission* v. *Weaver,* 127 Ohio St., 18, 186 N. E., 618; *Sikora, Admr.,* v. *Bauer,* 8 Ohio Law Abs., 530; *Cox* v. *Waltz, Admr.,* 13 Ohio Law Abs., 364; *Helvie* v. *Ratta,* 14 Ohio Law Abs., 40; *Merritt* v. *Gardner,* 21 Ohio Law Abs., 65.

See also: *Hanna* v. *Stoll,* 112 Ohio St., 344, 147 N. E., 339.

In saying what we do on the subject of burden of proof, we are using that term not in the sense of a *duty to introduce evidence,* but in the sense of *persuading the jury by a preponderance of the whole evidence.*

Practically all the courts agree that the fact of contributory negligence is to be taken into account, no matter how it appears, whether by the evidence introduced by defendant, or by inference from the evidence on the part of the plaintiff, and this is so al-

though the plaintiff has not alleged that he was in the exercise of due care, and although the defendant has not alleged that the plaintiff's injuries were contributed to by his own negligence. It is therefore evident that the question of the burden of proof as to contributory negligence does not necessarily depend upon the *pleadings*.

At one time, the general rule was that a plaintiff could not recover damages from the defendant on account of the negligence of the latter without proving that he had himself used ordinary care, or, in other words, was not guilty of contributory negligence. That rule is still in force in some states, but in most states at the present time the rule is that the burden of proving contributory negligence on the part of the plaintiff is upon the defendant.

The Supreme Court of Ohio has never adopted the rule as it was generally adopted originally—*i. e.*, the rule which required the plaintiff to prove by a preponderance of the evidence that he was not negligent—but recognized the fact that plaintiff in proving the negligence of the defendant almost of necessity introduced evidence of circumstances showing a duty of care resting upon himself, and that sometimes, if not often, such evidence on behalf of the plaintiff raised an inference of his own negligence, as a result of which the presumption of due care on his part to which he was originally entitled, was withdrawn.

Under such circumstances, the Supreme Court has never placed upon plaintiff the burden of proving that he was not negligent, but has declared that if the jury found that the evidence in his behalf raised an inference of his want of due care, he must introduce evidence which the jury should determine was sufficient to equal or counterbalance such inference of his own negligence,

before the burden would be cast upon the defendant to prove that plaintiff was contributorily negligent, and that "The question should be left, upon the whole evidence, to the determination of the jury, with the instruction that the plaintiff can not recover if his own negligence contributed to the injury." *Robinson & Weaver* v. *Gray,* 28 Ohio St., 241, 250.

When all of the evidence is in and the court is called upon to charge the jury, if the trial judge, considering the evidence on behalf of the plaintiff, determines that reasonable minds cannot reasonably find that such evidence gives rise to an inference of negligence on the part of plaintiff, and the issue of contributory negligence is otherwise presented by the evidence, then the court may properly charge that the burden of proving the contributory negligence of the plaintiff is upon the defendant; but if the trial judge, considering the evidence on behalf of the plaintiff, reaches the conclusion that the question of the contributory negligence of the plaintiff depends upon a variety of circumstances from which different minds may arrive at different conclusions as to whether the evidence on behalf of the plaintiff raises an inference of negligence on his part, it is the duty of the trial court to submit said question of inference to the jury, and to charge the jury that if it finds that the evidence on behalf of the plaintiff tending to show due care, equals or counterbalances the evidence on behalf of the plaintiff giving rise to an inference of the lack of due care, the burden of proving contributory negligence on the *whole* evidence is upon the defendant; and that if the jury finds that the evidence on behalf of plaintiff tending to show due care, does not equal or counterbalance the evidence on his behalf giving rise to the inference of his lack of due care, then there is no burden upon the defendant to prove the contributory negligence of the plaintiff.

If there is no burden on the defendant to prove contributory negligence, then both the plaintiff and the defendant are entitled to have the question of the contributory negligence of the plaintiff determined by the jury on all of the evidence in the case: that on behalf of the defendant as well as that on behalf of the plaintiff; with the instruction that the plaintiff cannot recover if his own negligence proximately contributed to his injuries.

"It is only when the injury is shown by the plaintiff, and there is nothing that implies that his own negligence contributed to it, that the burden of proving contributory negligence can properly be said to be cast on the defendant; for when the plaintiff's own case raises the suspicion* that his own negligence contributed to the injury, the presumption of due care on his part is so far removed that he can not properly be relieved from disproving his own contributory negligence by casting the burden of proving it on the defendant, the same as if the presumption in favor of the plaintiff was unquestioned on his own case. The question should be left, upon the whole evidence, to the determination of the jury, with the instruction that the plaintiff can not recover if his own negligence contributed to the injury." *Robison & Weaver* v. *Gary,* 28 Ohio St., 241, at p. 250.

*Such use of this word was later disapproved by the Supreme Court: see *Smith* v. *Lopa,* 123 Ohio St., 213, 174 N. E., 735.

The pronouncement in said *Gary case* was reiterated and applied in a case involving injuries received at a railway crossing: *B. & O. Rd. Co.* v. *Whitacre,* 35 Ohio St., 627.

During the period of more than 50 years since that pronouncement, the Supreme Court has repeatedly

approved it and it has been almost universally applied by the trial courts of the state.

Under such circumstances, the logic or lack of logic of such a rule, or the wisdom of continuing the same, are matters to be considered by the Supreme Court, and until the Supreme Court changes or modifies the rule, we regard it to be our duty, as well as the duty of trial courts, to follow it.

The question is, Considering the evidence in this case as shown by the record, did the trial court follow that rule?

Valencic was chargeable with any negligence of his son who was driving the automobile, and, under the circumstances shown by the record, the court properly charged the jury that they should consider the case "as if the plaintiff had been alone in this automobile and had been driving it."

The evidence on behalf of plaintiff disclosed that he and his son knew of the existence of the railroad track, and that they were perfectly familiar with the surroundings and realized that they were approaching said crossing, and that said automobile, moving slowly, entered upon the tracks of the railroad company at a time when the engine of the company was so close to the crossing as to collide with the automobile as soon as it entered upon the crossing, although the engine was traveling so slowly as to be able to be stopped within 10 to 15 feet after the collision.

Having in mind the settled law of this state as to the duty of a traveler upon a highway to use care when approaching a known steam railroad grade crossing (*Pennsylvania Rd. Co.* v. *Rusynik,* 117 Ohio St., 530, 159 N. E., 826, 56 A. L. R., 538), the evidence on behalf of plaintiff, just referred to, would naturally give

rise to the inference that the collision would not have occurred if Valencic had used the care which the law required of him; in other words, that evidence raised the inference of contributory negligence on _he part of Valencic.

Recognizing that fact, and that the settled law of the state required him to introduce evidence counterbalancing such inference, evidence was introduced on behalf of Valencic to the effect that the automobile was stopped when about 10 feet from the railroad track; that the window on the side of the car from which the engine approached was lowered; that the occupants of the car looked in the direction from which the engine was coming and listened; that, said occupants seeing no engine and hearing no engine, the car was driven onto the track; and that the car was immediately hit.

Evidence was also introduced on behalf of plaintiff that the collision occurred in the night season, and that as the automobile approached and before it stopped, the view down the track in the direction from which the engine came was obstructed by a building, that it was a rainy night, that the visibility was poor, and that the engine had no headlight or other light.

Such evidence as to the stopping of the automobile, the lowering of the window, and the looking and listening, if believed, might have been determined by the jury to counterbalance the inference of negligence on the part of Valencic hereinbefore referred to, and if so found, the burden of proving contributory negligence on the whole evidence would be upon the railroad company; but whether such evidence did counterbalance such inference, was a question for the jury, and depended, in part at least, upon what credence the jury

gave to the evidence of looking and not seeing an engine which was so close to the crossing; and, as reasonable minds might reasonably differ in reference thereto, the court had no right to determine that such evidence should be believed and that it counterbalanced such inference, and, on that finding, place the burden of proving contributory negligence on the railroad company.

The question of what credence should be given to such counterbalancing evidence was for the jury to determine; and if the jury did not believe such evidence, or otherwise determined that it did not counterbalance such inference, the burden of proving the contributory negligence of Valencic, by a preponderance of the whole evidence, was not upon the railroad company; and the charge of the court that it was, was erroneous, and such error was conclusively prejudicial.

For that error the judgment is reversed and the cause remanded.

*Judgment reversed.*

STEVENS, P. J., and DOYLE, J., concur in judgment.