PEOPLES TRUST & SAVINGS COMPANY *v.* COHEN

[No. 17,575. Filed June 6, 1947.]

474

*Newkirk & Keane,* of Ft. Wayne, for appellant.
*McNabb & Rothberg,* of Ft. Wayne, for appellee.

BOWEN, C. J.—This was an action by appellee to recover from appellant the sum of $1000 which appellee claims to have deposited with appellant as part of an alleged total deposit of $2900 in currency. Appellant's teller credited his account book with $2900. After the bank had closed, appellant's teller found his accounts short $1000, and claimed that he had made an error in the addition of the currency in appellee's deposit. The appellant through its agents then allowed appellee credit for only $1900 on the books of the bank. Appellee then

brought this action to recover the $1000 alleged difference in the amount of the deposit.

The pleadings present one issue of fact; did the appellee deposit the sum of $2900 in currency on July 26, 1945?

The cause was tried to a jury, and the jury returned a verdict for appellee in the sum of $1000, and judgment was rendered on this verdict.

Error assigned is that the court erred in overruling appellant's motion for a new trial. The grounds for the motion for a new trial were, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Additional assignments of error in the motion for a new trial were that the court erred in admitting into evidence over appellant's objection and in overruling appellant's motion to strike out the testimony of two character witnesses for appellee, Earl F. Stone and Karl Baals. Both of these witnesses testified in rebuttal that appellee's reputation for truth and veracity and appellee's reputation for honesty and fair dealing in the community where he resides is good. The appellant also assigns error in the motion for a new trial in the giving of four instructions over the objections of appellant, and the refusal to give one instruction tendered by appellant.

Appellant contends that appellee's reputation was not in issue, and that it was improper and prejudicial to permit said two character witnesses to testify, because the only purpose of such testimony was to improperly strengthen appellee's testimony.

Appellee in answer to appellant's contention claims that his character had been put in issue, and that this testimony as to his general reputation was proper. Appellee insists that when appellant introduced evidence that appellee had deposited the sum of $2000 and the

further additional sum of $1000 with separate tellers in another Fort Wayne bank on the day following the deposit in question; and when the president of the appellant bank in his testimony of a conversation with appellee, concerning the alleged deposit, made reference to a police investigation of the same, that reflections were cast upon the honesty, honor, and integrity of appellee, and thereby his character was brought in issue.

The question as to when evidence may be given of the good character of a party in a civil action is one that has been much discussed by text writers and jurists, and upon which there is considerable confusion. However, there are a few well settled general principles to be found in the adjudicated cases.

It is settled in this state that the evidence of the general reputation of a party is not admissible in a civil action unless his character is in issue. *Church and Others* v. *Drummond* (1855), 7 Ind. 17; *Gebhart* v. *Burkett* (1877), 57 Ind. 378; *Elliott* v. *Russell* (1883), 92 Ind. 526, 531; *Volker* v. *State ex rel.* (1911), 177 Ind. 159, 167, 97 N. E. 422.

The general trend of American decisions adheres to the English rule that only in cases where the character is in issue can evidence of general reputation be given. Even, in such cases, it must be confined to the reputation of the party with special reference to the nature of the question in issue. *Spurr* v. *United States* (1898), 87 F. 701; *Louisville & N. R. Co.* v. *McClish* (1902), 115 F. 268; *First National Bank* v. *Blakeman* (1907), 19 Okla. 106, 91 P. 868.

It is well settled that a party in civil cases is not permitted to support his own testimony, nor that of

his witnesses, by direct evidence of good character, but it is also true where the character of a party is assailed, or put in issue, such evidence may be introduced. The difficulty arises in determining when such character is put in issue.

It is helpful, in this connection, to consider the cases in which our courts have permitted the admission of evidence of general reputation of a party in a civil action where it was determined that the character of such party was put in issue.

In *Haymond* v. *Saucer* (1882), 84 Ind. 3, the court, in an action for breach of promise to marry, on appeal, approved the action of the lower court in permitting appellee to offer evidence of her good character or reputation for chastity in rebuttal of the evidence offered by the appellant for the purpose of showing particular acts of unchastity.

In *Jones* v. *Layman* (1889), 123 Ind. 569, 24 N. E. 363, which was an action for breach of marriage contract, where the appellant testified to having heard various rumors and reports of acts of misconduct of appellee which were calculated to bring appellee into disrepute, the court held that appellee's character was in issue. The court in this case approved the ruling of the trial court in permitting appellee to introduce evidence of her good character for virtue, chastity, and honesty.

In *Hilker* v. *Hilker* (1899), 153 Ind. 425, 55 N. E. 81, which was an action for divorce, the plaintiff alleged and introduced evidence of particular acts of indiscretion by his wife with other men, and the court held that it was proper for the defendant to give evidence of her general reputation and character for chastity in the neighborhood where she resided.

In the *American Express Co. v. Patterson* (1881), 73 Ind. 430, which was an action for false imprisonment, the court quoted from Wharton on the Law of Evidence, Sec. 47, ". . . . . in actions for . . . . . false imprisonment, the defendant, to sustain the defense of probable cause, can not put the plaintiff's bad character in issue; though this proof may be offered in mitigation of damages." The court held that since the appellants had filed a special plea in mitigation of damages, setting out at great length and in detail the circumstances on which they claimed to have acted, in the belief of the plaintiff's guilt, and in support of this plea gave evidence at the trial, it was proper for appellee to introduce evidence of his general good character and of his general reputation for honesty and integrity.

In each of these decided cases, it was held that the character of the party seeking to offer evidence of good general reputation, in rebuttal, was in issue.

After careful consideration, we are unable to bring the facts of the instant case within the scope of any of the adjudicated cases where it has been held that a party's character has been brought in issue.

Appellee's character was certainly not directly assailed, nor did the evidence show any particular acts of misconduct on the part of appellee, nor can we find any special circumstances whereby we could logically hold that appellee's character had been put in issue within the scope of *American Express Co. v. Patterson, supra.*

Part of the evidence which appellee claimed cast reflections upon his honesty, honor, and integrity, and thereby put his character in issue, consisted of exhibits showing later separate deposits of $1000 and $2000 to another Fort Wayne bank on the day following the

deposit in question, and the testimony of the assistant vice-president of the other Fort Wayne bank of the making of such deposits with two separate tellers of such bank. This evidence was mainly corroborated by appellee's own statements. We cannot see how such evidence could be construed as an attack upon appellee's character. It does not show acts of misconduct, nor any special circumstances from which it could be held that appellee's character was in issue. The sole issue of fact was whether appellee deposited the sum of $2900 in appellant's bank on the day in question. The evidence showed that appellee had taken certain currency from a safety deposit box which he took to appellant's bank to make the deposit in question. If appellee had been questioned regarding the amount of currency he had in his hands as he left the bank after making the disputed deposit, it would have had a direct bearing on the fact in issue. To show, as was done here, the amount of currency he deposited later, would be no different in principle. Such evidence throws light on appellee's currency transactions, and it was related to the fact in issue, and we do not feel that this evidence put appellee's character in issue. To hold otherwise would establish a rule whereby a party's character would be put in issue by a mere showing of facts which would contradict such party's theory of the factual situation of a particular transaction. The decided cases do not go so far as to hold that proof of general reputation in rebuttal would be proper under such circumstances, nor do we feel it proper to so extend the rule. If such a rule were sanctioned, much of the time of the courts would be taken up with the attack and support of character witnesses, and it would result in a definite retrogression of trial procedure.

The mere contradiction of the testimony of a party in a civil action does not permit the party contradicted to support his testimony by proof of his good character and general reputation for truth and veracity. *McCabe and Wife* v. *Platter* (1843), 6 Blkf. 405; *Miles* v. *Vanhorn* (1861), 17 Ind. 245; *Presser* v. *The State* (1881), 77 Ind. 274; *Diffenderfer, Executrix* v. *Scott by Next Friend* (1892), 5 Ind. App. 243, 250, 32 N. E. 87; *Louisville & N. R. Co.* v. *McClish, supra.*

The additional evidence which appellee claims put his character in issue was the testimony of appellee himself that Mr. McDonald, the president of appellant bank, stated in a conversation with appellee on the day following the deposit in question that, "if you (appellee) like just the same as scare me . . . . . I will get the police and get you arrested or something like that." McDonald testified that he suggested to appellee the incident might be a matter for the police to investigate. Mere insinuations derived from appellee's own testimony standing alone would not be sufficient to put appellee's character in issue. A party cannot put his own character in issue by his own testimony and then offer in rebuttal proof of general good character and reputation. Appellant's witness, McDonald's testimony that he suggested to appellee that the incident might be a matter for the police to. investigate did not accuse the appellee of any wrong doing, and would be equally applicable to the conduct of appellant's teller.

We find nothing in the evidence herein which brings this case within the scope of any of the adjudicated cases where it has been held that a party's character has been brought in issue.

The court, therefore, erred in admitting into evi-

dence, and in overruling appellant's motion to strike out the testimony of the two character witnesses for appellee who testified, in rebuttal, as to appellee's good general reputation for truth and veracity, and for honesty and fair dealing.

This testimony was liable to have had a great weight with the jury and to have caused them to give a greater weight to appellee's testimony than other witnesses, and to have improperly influenced their verdict.

The erroneous admission of character evidence is reversible error. *Brann* v. *Campbell* (1882), 86 Ind. 516; *Diffenderfer, Executrix* v. *Scott, by Next Friend, supra.*

The appellant further predicates error upon the giving to the jury over defendant's objection of Instruction No. 6, tendered by appellee, which instruction was as follows:

"I instruct you that under the law of this State, a pass book issued by a bank to its depositor is *prima facie* evidence of the matters therein and while in law it is nothing more than evidence of debt owing by the bank to the depositor and not conclusive in the first instance, it may become conclusive if unexplained. I further instruct you that if in this case you find, and that by a fair preponderance of the evidence, that the defendant bank made an entry in plaintiff's pass book of the deposit of $2,900.00 to his credit on July 26, 1945, such fact may be considered by you as evidence of debt owing by the defendant bank to the plaintiff depositor in that amount. Such evidence of indebtedness becomes conclusive unless the defendant explains, to your satisfaction, that the plaintiff did not make such deposit of $2,900.00 at the time the entry thereof was made in his pass book on July 26, 1945."

The last sentence of this instruction was clearly erroneous. The words used were unqualified as applied

to the defendant's duty, and the use of the words "unless the defendant explains to *your satisfaction*" (our italics) was unfortunate and improper. This instruction placed the duty upon the defendant to furnish evidence, not upon a basis of the proper rules of law, but instead upon a basis of furnishing evidence to the personal satisfaction of the jurors. Such statement charged each juror to bring in a verdict according to his own particular whim of personal satisfaction. The instruction was, therefore, not only erroneous but harmful. *Densmore* v. *State* (1879), 67 Ind. 306; *Industrial Commission of Ohio* v. *Weaver* (1933), 127 Ohio St. 18, 186 N. E. 618.

The instruction was an erroneous statement of the duty of the defendant under the circumstances set forth in the first part of the instruction. The duty of the defendant under such circumstances was only a duty of going forward with the evidence.

The decision of this court cited by appellee in support of his contention that this instruction was proper, *Ogle* v. *Barker* (1945), 116 Ind. App. 250, 63 N. E. (2d) 432, has been superseded by the decision of the Supreme Court in *Ogle* v. *Barker* (1946), 224 Ind. 489, 68 N. E. (2d) 550.

For the same reasons the court also erred in giving to the jury Instruction No. 7 tendered by appellant. This instruction was mandatory in form and used the words, "if the defendant has not proved to *your satisfaction* (our italics) the inaccuracy of the entry made thereon." This instruction does not properly state the duty upon the defendant, which was the duty under such circumstances to go forward with the evidence.

Instruction No. 8, the giving of which is assigned as error by appellant, in substance, charged the jury that

upon their finding by a fair preponderance of the evidence of the entry having been made in plaintiff's pass book of $2,900 and the further finding that the defendant credited plaintiff's checking account with only $1,900 that the burden of proof to establish that only $1,900 was deposited by plaintiff was upon the defendant, and that such burden must be maintained by a preponderance of the evidence.

This instruction was clearly erroneous, and it was not cured by the giving of the general instruction as to burden of proof.

The rule with reference to burden of proof is a rule of procedure. The burden of proof was upon the appellee to establish by a fair preponderance of the evidence that he had made the deposit of $2,900. This burden did not shift and remained upon appellee throughout the trial. Upon the showing by a fair preponderance of the evidence, by appellee, of the entry having been made by appellant in appellee's pass book of the deposit of $2,900, and upon the finding that defendant had credited plaintiff's checking account with only $1,900, the duty that was then cast upon appellant was the duty to go forward with the evidence, or to present countervailing evidence. Such duty did not include a requirement that the defendant sustain the fact that the deposit was only $1,900 by a preponderance of the evidence. To so require, constituted an improper shifting of the burden of proof.

The instruction in question setting forth in substance that under the circumstances shown by the first part of this instruction that the defendant then had the burden of showing that only $1,900 was deposited by a preponderance of the evidence was erroneous. *Young* v. *Miller* (1896), 145 Ind. 652, 44 N. E. 757; *North* v. *Jones* (1912), 53 Ind. App. 203, 100 N. E. 84; *Fuller*

v. *Supreme Council, etc.* (1916), 64 Ind. App. 49, 115 N. E. 372; *Kaiser* v. *Happel* (1941), 219 Ind. 28, 36 N. E. (2d) 784.

As stated by our Supreme Court in *Young* v. *Miller*, *supra:*

". . . A *prima facie* case, made by the plaintiff, must always stand unless its force is broken by the defendant's evidence; but the defendant is never required, under the general denial, to negative the truth of the plaintiff's *prima facie* case by a preponderance of the evidence. If, upon the whole evidence, the plaintiff does not have a preponderance, the defendant must recover. If the scales are equally balanced the plaintiff must fail. It is perfectly clear, therefore, that to break the force of a *prima facie* case it is not necessary that the contrary shall be established by a preponderance of the evidence, but that it is sufficient if, from the evidence *pro* and *con*, the plaintiff cannot be said to have a preponderance upon his side of the issue . . ."

*Perlow* v. *Westminister Bank* (1925), 46 R. I. 359, 128 A. 193, was a case very similar to the case at bar, in which plaintiff sought to recover $200 which the plaintiff claimed to have deposited in the defendant bank, for which the defendant failed to give plaintiff credit. The Supreme Court of Rhode Island upheld the refusal of the justice to charge that upon the introduction of evidence by the plaintiff of the entries made in the deposit book the burden of proof passed to the defendant. The court stated, "the testimony of plaintiff's witnesses and the evidence of defendant's entries in the deposit book presented a case in the plaintiff's favor, which required the defendant to go forward with its defense. The burden of proof in the case did not shift, however, but remained on the plaintiff throughout the trial."

To the same effect is the decision in *Webster* v. *Wachovia Bank and Trust Co.* (1935), 208 N. C. 759, 182 S. E. 333.

The appellant also assigns error in the giving, over the objections of the defendant, to the jury Instruction No. 9 tendered by the plaintiff which was as follows:

"I instruct you that an entry in a pass book is *prima facie* evidence of the bank's obligation and when not explained becomes cónclusive evidence of the bank's indebtedness. Therefore, if you find from all the evidence, and that by a fair preponderance thereof, that the defendant bank made an entry in plaintiff's pass book of $2,900.00, and you further find that defendant credited plaintiff's checking account with only $1,900.00, and you further find that the defendant has not satisfactorily explained its refusal to credit the account of the plaintiff, then your finding should be for the plaintiff."

This instruction placed an improper burden upon the defendant by the use of the words "satisfactorily explained" in such instruction. The defendant under the circumstances shown in such instruction had a duty to go forward with the evidence, but the defendant was not required to explain to the *satisfaction* of the jury that only $1,900 was deposited for the reasons heretofore set out in this opinion.

The appellant also predicates error on the refusal to give Instruction No. 3 tendered by the defendant. Such refusal was not error by reason of the fact that the substance of this instruction was included within Instructions No. 1 and 2 tendered by appellee and given by the court.

The court erred in the overruling of appellant's motion for a new trial, and the judgment is hereby reversed with instructions to grant the motion of

appellant for a new trial and for proceedings not inconsistent herewith.

NOTE.—Reported in 73 N. E. (2d) 366.