**INB NATIONAL BANK,**
**Defendant–Appellant,**

v.

**1ST SOURCE BANK, and Indiana Employment Development Commission,**
**Plaintiffs–Appellees.**

**No. 50A03–9007–CV–312.**

Court of Appeals of Indiana,
Third District.

March 21, 1991.

Max W. Hittle, Jr., Jeffrey C. McDermott, Kevin W. Betz, Krieg DeVault Alexander & Capehart, Indianapolis, for defendant-appellant.

F. Richard Kramer, Michael C. Murphy, Kramer, Butler, Simeri, Konopa & Laderer, South Bend, Robert L. McLaughlin, Jeffrey L. McKean, Wooden, McLaughlin & Sterner, Indianapolis, for plaintiffs-appellees.

GARRARD, Judge.

By this appeal INB National Bank seeks to have this court utilize the provisions of Appellate Rule 4(E) to permit interlocutory appeals not otherwise permitted by A.R. 4(B).

1st Source Bank granted a letter of credit to back up an economic development bond issue for financing a new manufacturing facility in South Bend. The bonds were sold and INB agreed to act as trustee under a trust indenture to distribute the bond proceeds and protect the interests of the bondholders.

When the new business venture failed, INB was required under the trust agreement to draw on the letter of credit to pay off the bondholders. 1st Source then foreclosed its security interest in the assets of the business, but this resulted in a large deficiency. 1st Source and the Indiana Employment Development Commission (IEDC) then commenced this action for damages against INB alleging that INB had breached its contractual and fiduciary obligations under the trust indenture in its disbursement of the bond proceeds.

The trial court subsequently entered a partial summary judgment determining that INB had breached its contractual and fiduciary duties and that the case should be set for trial on the damages issues. INB acknowledges that this was an interlocutory order. It petitioned the court for certification of the ruling for the purpose of bringing an interlocutory appeal and the petition was denied. It then petitioned this court asserting that A.R.4(E) authorizes us to entertain the appeal anyway, and that we should exercise our discretion to do so. That provision states,

No appeal will be dismissed as of right because the case was not disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below.

Admittedly, the order sought to be appealed from is neither a final judgment nor an interlocutory order expressly made appealable by any of the subsections of A.R. 4(B). Moreover, INB recognizes that A.R. 4(E) has been utilized as a "rescue" provision to avoid waste of time, energy and judicial resources where it is discovered after briefing that a deficiency to appealability exists. *See, e.g. Groen v. Elkins* (1990), Ind.App., 551 N.E.2d 876; *Sauzer–Johnsen v. Sauzer* (1989), Ind.App., 544 N.E.2d 564; *Krueger v. Bailey* (1980), Ind. App., 406 N.E.2d 665.

INB argues that despite the implication of these utilizations a literal application of

the provision vests us with discretion to entertain its appeal. It then urges that it should be entitled to do forthrightly what it might otherwise have accomplished by simply ignoring the nonappealability of the trial court's order and proceeding to file the transcript and appellant's brief.

■ While the bare language of A.R.4(E) is susceptible to INB's interpretation, it remains a cardinal rule of construction that the rules must be construed together and harmonized to the extent possible. *J.C. Marlow Milking Mach. Co. v. Reichert* (1984), Ind.App., 464 N.E.2d 364, *transfer denied; State Farm Mut. Auto Ins. Co. v. Shuman* (1977), 175 Ind.App. 186, 370 N.E.2d 941. In addition, our supreme court has stated that it cannot be presumed that it promulgated a rule which is futile, and by implication, acts which would make the rule meaningless are prohibited. *State ex rel Harp v. Vanderburgh Cir. Ct.* (1949), 227 Ind. 353, 363, 85 N.E.2d 254, 258.

■ A.R.4(A) provides for the appealability of all final judgments. A.R.4(B) then enumerates five specific categories of appealable interlocutory orders. These are followed by subsection (6) which provides for the appealability of *any other* interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that any of three specified conditions exist. The clear implication of this provision, which purports to apply to all interlocutory orders except those enumerated in the first five subsections, is that they are not appealable in the absence of certification by both the trial court and the appellate court.

The reasons for that approach are both sound and longstanding. The general rule has long favored postponing appeal until a final judgment has been rendered because it promotes judicial economy by avoiding the time and expense attendant to piecemeal litigation. Indeed, many potential errors may be mooted by the final result of judgment because the result is acceptable to the party who might otherwise complain.

All these considerations lead us to conclude that A.R.4(E) should not be interpreted as an alternative authorization to litigants to initiate interlocutory appeals apart from, or in addition to, the authorization provided by A.R.4(B). In addition, we believe it would constitute an abuse of discretion for this court to grant an interlocutory appeal cognizable under A.R.4(B)(6) where the trial court, as here, has expressly refused or denied certification. Perhaps the line between failure to certify and refusal to certify is sometimes frail. Nonetheless, it is significant.

As to the potential for deliberate misuse by counsel of the rescue purposes of A.R. 4(E), little need be said. We are confident that the vast majority of our bar take pride in their professional responsibility. Should it nevertheless be shown in the rare case that counsel was deliberately attempting to violate the rules, an adequate remedy is at hand and we will not hesitate to impose it.

INB's application is denied.

HOFFMAN and SHIELDS, P.JJ., concur.