## In the Matter of J.L.V., JR., a Child Alleged to be a Child in Need of Services.

### No. 02A03–9511–JV–368.

Court of Appeals of Indiana.

June 12, 1996.

Roland W. Gariepy, Fort Wayne, for Appellant.

Jordan Lebamoff, Fort Wayne, for Appellee.

**OPINION**

STATON, Judge.

J.V. Sr. and P.A. (collectively "Parents") appeal from the trial court's determination that their son, J.V. Jr., is a child in need of services ("CHINS"). Parents present four issues for appellate review; however, we consider the following two issues only, the first we raise *sua sponte:*

I. Whether the trial court's CHINS determination is a final, appealable judgment.

II. Whether the trial court erred in allowing the admission of certain character evidence.

We dismiss.

The relevant facts reveal that in July 1994, the Office of Family and Children of Allen County ("OFC") filed a petition alleging that J.V. Jr. was a CHINS pursuant to IND.CODE §§ 31–6–4–3 and 31–6–4–3.1 (1993). An initial hearing was held on July 25, 1994 during which the parties denied the allegations against them. A full hearing was held on February 1, 1995 and the trial court took the matter under advisement. Thereafter, on July 11, 1995, the trial court adjudged J.V. Jr. a CHINS, finding as follows:

\*　　\*　　\*　　\*　　\*　　\*

The Court finds by a preponderance of the evidence that [J.V. Jr.] is a child in needs of services as alleged in the petition. The Court further finds continuation of the child in the home would be contrary to the welfare of the child and that reasonable efforts have been made by [OFC] to prevent the need for placement outside of the home.

Upon such findings, the Court now enters judgment that said child is a child in need of services as defined in IC 31–6–43.

The Court orders the [OFC] to prepare and file a Predispositional Report. Record at 16. Parents filed a praecipe on August 9, 1995; the record of proceedings was filed October 30, 1995. In the interim, on September 28, 1995, the trial court granted Parents' petition to stay the trial court's order removing the child from the mother's home and set the matter for a dispositional hearing on December 5, 1995. Parents now appeal the trial court's CHINS determination.

## I.

### Final, Appealable Judgment

 In order to review the issues Parents raise on appeal, we must first decide whether the CHINS determination constitutes a final, appealable judgment. A final judgment disposes the subject matter of the litigation as to the parties so far as the court in which the action is pending has the power to dispose of it. *Adams v. Office of Family & Children,* 659 N.E.2d 202, 205 (Ind.Ct.App. 1995).

With regard to CHINS determinations, the court has indicated:

The finding of CHINS status is a mere preliminary step to be taken prior to choosing among several different disposi-

tional alternatives. That choice finally determines the rights of the parties, especially in light of the specific guidelines set down in the dispositional hearing statute—guidelines which may prove to support a later appeal. It is after disposition that a final, appealable judgment exists . . .

*Id.* (quoting *Matter of M.R.,* 452 N.E.2d 1085, 1088–1089 (Ind.Ct.App.1983) (footnote omitted)).

In *Matter of M.R.,* a mother appealed the trial court's determination that her children were CHINS. This court indicated that the CHINS fact finding order presented on appeal did not completely dispose of the subject matter of the litigation and thus, did not constitute a final, appealable judgment. *Matter of M.R., supra,* at 1088–1089. The court noted that after having determined that the mother's children were CHINS, the trial court was required to a hold a dispositional hearing pursuant to IND.CODE § 31–6–4–16.[1] *Id.* In that regard, the court stated, "We believe that element of completion of trial court action is absent at the time a court enters a CHINS order after a fact finding hearing." *Id.* at 1088.

This case presents similar facts as Parents seek immediate review of the CHINS determination. Yet, a review of the current statutes reveals that the CHINS determination does not constitute the end of the subject matter of the litigation. Instead, after a child is determined to be a CHINS, the juvenile court is required to hold a dispositional hearing pursuant to IND.CODE § 31–6–4–15.3 (1993). There, the court shall consider:[2]

(1) alternatives for the care, treatment, or rehabilitation of the child;

---

1. IC 31–6–4–16 was repealed in 1983 and replaced by IND.CODE §§ 31–6–4–15.3 through 31–6–4–15.8.

2. After finding the child to be a CHINS and prior to the dispositional hearing, the trial court shall order a probation officer or a caseworker to prepare a predispositional report pursuant to IND.CODE § 31–6–4–15 (1993). This report should provide the court with a recommendation for the care, treatment, or rehabilitation of the child. IC 31–6–4–15(a). The preparer should also consid-

er the necessity, nature, and extent of the participation of the parent, guardian, or custodian in a program of care, treatment, or rehabilitation for the child. IC 31–6–4–15(b). In addition, the probation officer or caseworker shall prepare a financial report on the parent to assist the court in determining that person's financial responsibility for any services for the child or himself. IC 31–6–4–15(c). Also, this predispositional report is to be made available before the dispositional hearing. IC 31–6–4–15(f).

(2) the necessity, nature, and extent of the participation by a parent, guardian, or custodian in the program of care, treatment, or rehabilitation for the child; and

(3) the financial responsibility of the parent or guardian of the estate for any services provided for the parent or guardian or the child.

IC 31–6–4–15.3(a). The juvenile court shall then enter a dispositional decree accompanied with written findings and conclusions upon the record, including the court's reasons for the disposition. IC 31–6–4–15.3(e) and (I). In so doing, the court may order one or more of the dispositional decrees set forth in IND.CODE § 31–6–4–15.4 (Supp.1995).

The record indicates that the trial court scheduled a dispositional hearing for December 5, 1995 but Parents filed their praecipe for appeal immediately after the CHINS determination and prior to entry of any dispositional decree. Entry of a dispositional order following the dispositional hearing would constitute a final appealable judgment, allowing an appeal challenging the CHINS determination. *Adams, supra,* at 206. Because we have no disposition here, we determine that Parents present an impermissible interlocutory appeal[3] which should be dismissed.

## II.

### *Admission of Character Evidence*

 Notwithstanding this determination, we choose to address one of the issues Parents raise in their brief. Parents contend that the trial court erred in allowing character evidence of their prior bad acts pursuant to IND.CODE § 31–6–7–13 (1993). Evidentiary determinations are committed to the trial court's discretion, and we will reverse that determination only upon a showing of an abuse of discretion. *Columbian Rope Co. v. Todd,* 631 N.E.2d 941, 943 (Ind.Ct.App.1994), *trans. dismissed.*

The record indicates that during the fact finding hearing, the trial court allowed evidence of Mother's previous involvement with OFC regarding four of her other children.

Included in this evidence were CHINS petitions filed on behalf of these children which included allegations of parental neglect, inability to provide necessary care and supervision, and failure to complete a Parent Participation Plan. Also included were the trial court's orders adjudging these children CHINS.

Parents argue that IC 31–6–7–14, which allows for the admission of prior acts or omissions in CHINS proceedings, has been superseded by IND.EVIDENCE RULE 404(b), and therefore admission of this evidence was erroneous.

 Parents correctly point out that our courts have determined that when a statute conflicts with the rules of trial or appellate procedure, the rules of procedure govern and phrases in statutes which are contrary to the rules of procedure are to be considered a nullity. *Taylor v. Lewis,* 577 N.E.2d 986, 988–989 (Ind.Ct.App.1991), *trans. denied; Augustine v. First Federal Savings and Loan Ass'n,* 270 Ind. 238, 384 N.E.2d 1018 (1979); and *Indiana v. Bridenhager,* 257 Ind. 699, 279 N.E.2d 794 (1972). To be in conflict, it is not necessary that the rule and the statute be in direct opposition. Rather, the rule and the statute need only be incompatible to the extent that both could not apply in a given situation. *Spencer v. State,* 520 N.E.2d 106, 109 (Ind.Ct.App.1988), *reh. denied, trans. denied.*

EVID.R. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, . . .

IC 31–6–7–13(c) states:

Evidence that a *prior* or subsequent act or omission by a parent, guardian, or custodian injured *any* child is admissible in proceedings alleging that a child is a child in need of services:

---

3. This case was not certified for interlocutory appeal pursuant to IND.APPELLATE RULE 4(B). In fact, in their Notice of Appearance, Parents cited IND.APPELLATE RULE 4(A) as the ground for their appeal. APP.R. 4(A) provides that appeals may be taken from all final judgments.

(1) to show intent, guilty knowledge, the absence of mistake or accident, identification, the existence of a common scheme or plan, or other similar purposes; and

(2) *to show a likelihood that the act or omission of the parent, guardian, or custodian is responsible for the child's current injury or condition.*

(Emphases added). This statute has been construed to allow evidence in CHINS proceedings of a parent's prior acts or omissions toward his children in conjunction with subsequent injuries sustained by another child in the parent's care. *See Roark v. Roark,* 551 N.E.2d 865, 872 (Ind.Ct.App.1990).

Parents argue that IC 31–6–7–13 conflicts with Evid.R. 404(b) in that it allows evidence of a parent's prior bad act to show that the parent is responsible for the child's condition in the present CHINS proceeding. However, Parents' assertion fails to consider Ind.Evidence Rule 405.

This court has stated that our trial rules and our rules of appellate procedure must be construed together and harmonized whenever possible. *INB Nat'l Bank v. 1st Source Bank,* 567 N.E.2d 1200, 1202 (Ind.Ct.App. 1991); *J.C. Marlow Milking Machine Co. v. Reichert,* 464 N.E.2d 364 (Ind.Ct.App.1984), *trans. denied.* Likewise, we apply this rule of construction to our rules of evidence.

Evid.R. 405 provides in pertinent part:

(a) **Reputation or Opinion.** In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion....

(b) **Specific Instances of Conduct.** In cases in which *character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct.*

(Emphasis added).

■ The rule applies when a person's character is a material fact that determines the parties' rights and liabilities under the substantive law. *Wanke v. Lynn's Trans. Co.,* 836 F.Supp. 587, 597 (N.D.Ind.1993) (analyzing Fed.R.Evid. 405). A person's character may be a material fact in deciding who should have custody of children as fitness to provide care is of paramount importance. When character has been put in issue by the pleadings in this type of case, evidence of character must be brought forth. McCormick on Evidence ch. 17, § 187 at 789–790 (John William Strong ed., 4th ed. 1992).

This is consistent with our common law which has provided that in civil cases, a person's character evidence will be admissible if the nature of the underlying action places that person's character at issue. *See Niemeyer v. McCarty,* 221 Ind. 688, 51 N.E.2d 365 (1943) (quoting *Gebhart v. Burkett,* 57 Ind. 378, 380 (1877)), *overruled on other grounds, Ashton v. Anderson,* 258 Ind. 51, 279 N.E.2d 210 (1972); *People's Trust & Savings Co. v. Cohen,* 117 Ind.App. 472, 73 N.E.2d 366 (1947).

Here, Parents' character is a material issue in the case as OFC's petition alleged that J.V. Jr. was a CHINS pursuant to IC 31–6–4–3(a) and IC 31–6–4–3.1. IC 31–6–4–3(a) provides that a child is a CHINS if "the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent ... to supply the child with necessary food, clothing, shelter, medical care, education, or supervision; ..." IC 31–6–4–3.1 provides that a child is a CHINS when the child was born with fetal alcohol syndrome, or is injured, has abnormal physical or psychological development, or is at substantial risk of a life threatening condition as a result of the mother's use of alcohol or illegal drugs.

■ The standards set forth in these statutes contemplate that a parent's past, present, and future ability to provide sufficient care for his or her child forms the basis for a CHINS adjudication and that the parent's character is an integral part of assessing that ability. As a result, we determine that a parent's character is at issue in a CHINS determination and pursuant to Evid.R. 405(b), specific instances of a parent's charac-

ter will be admissible.[4] To that end, we further conclude that IC 31–6–7–13 which allows for the admission of such evidence in CHINS determination is consistent with EVID.R. 404(b) and EVID.R. 405(b).

Accordingly, we conclude that the admission of evidence regarding Parents' prior involvement with OFC, including evidence of previous CHINS proceedings filed on behalf of Mother's other children, was in accordance with EVID.R. 404(b), EVID.R. 405(b), and IC 31–6–7–13. Notwithstanding this determination, for the reasons set forth above in Part I, we determine that Parents' appeal should be dismissed.

Appeal dismissed.

HOFFMAN, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent. Because this appeal involves the care of children, court policy dictates that it shall be given expedited consideration. *See In re the Visitation of Walker*, 665 N.E.2d 586 (Ind.1996); Chief Justice Randall T. Shepard, State of the Judiciary Address to Indiana General Assembly (Jan. 17, 1996). Nevertheless, the majority takes the extraordinary action of dismissing this appeal of a CHINS adjudication sua sponte on the basis that the trial court's CHINS adjudication and order removing the child from the home is technically not a final, appealable order. This action is inimical to the interests of all persons involved as well as the interests of judicial economy. It renders nugatory nearly a year of litigation affecting the young life of J.L.V. Jr. If we are to intervene in the process to address the procedural defect in this case, we should enter an order, sua sponte, certifying the CHINS adjudication for interlocutory appeal and dispose of the case on the merits.

We have a long-standing policy that cases should be decided on the merits and justice should not be defeated by technicalities.

*Constanzi v. Ryan*, 174 Ind.App. 454, 368 N.E.2d 12, 15, 17 (1977). In *Constanzi*, the First District of this Court held, per curiam, that:

'Although our procedural rules are extremely important, it must be kept in mind that they are merely a means for achieving the ultimate end of orderly and speedy justice. We must examine our technical rules closely when it appears that invoking them would defeat justice; otherwise we become slaves to the technicalities themselves and they acquire the position of being the ends instead of the means. *This is especially true in a case* such as the one at bar *where we prejudice no one by allowing the record to be corrected at this point.*'

174 Ind.App. at 463, 368 N.E.2d at 17 (Emphasis original; *quoting, American States Insurance Co. v. State ex rel. Jennings*, 258 Ind. 637, 640, 283 N.E.2d 529, 531 (1972)).

In the present case, although the trial court did not hold a formal dispositional hearing or enter a formal dispositional order, it did make perhaps the most drastic of orders regarding the disposition and future of J.L.V.: the trial court ordered J.L.V. removed from his mother's home. Immediately after this disposition, the parents moved the trial court to:

stay execution of its turn over order pending the submission and the disposition of the Appeal until the propriety of this court's order is either sustained or overruled by the Appellate tribunal.

In support of this motion, the parents alleged:

That compliance with the such an order ... would significantly impair the minor child's relationship with his parents at a very critical informative time.... That any harm to the parties and the minor child involved is believed to far outweigh any cursory benefits to the children's protective services should that order be continued to be stayed.

---

4. *See Care and Protection of Martha*, 407 Mass. 319, 553 N.E.2d 902 (1990) (evidence of parents' criminal convictions for assault and battery of their children was admissible in hearing to determine whether children were in need of care and protection, as specific acts of parents' character were pertinent to issue of parental fitness).

The trial court granted the parents' motion, staying execution of its order for the removal of the child from the home of the mother pending this appeal.

The substance and effect of the parents' motion and the trial court's order was to certify the CHINS adjudication for interlocutory appeal. *See* Ind.Appellate Rule 4(B)(6). All that is lacking is an order from this court accepting the interlocutory order for appeal. *Id.* No party or court has been misled or prejudiced by the procedural irregularity involved here.

We should not exalt form over substance by permitting the technical procedural defect to suspend (and possibly defeat) justice for young J.L.V. We should exercise our discretionary authority to hear this appeal on the merits and fulfill our promise and duty to dispense speedy justice to Indiana's children.

Therefore, I dissent.