# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2018, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deidre L. Monroe
Public Defender's Office
Gary, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of E.P. & G.P. (Minor Children), Children in Need of Services, and<br><br>J.P. (Father),<br><br>*Appellant-Respondent,*<br><br>v.<br><br>Indiana Department of Child Services,<br><br>*Appellee-Petitioner* | October 31, 2018<br><br>Court of Appeals Case No. 18A-JC-1344<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Thomas P. Stefaniak, Jr., Judge<br><br>The Honorable Matthew B. Gruett, Magistrate<br><br>Trial Court Cause Nos. 45D06-1710-JC-1126, - 1127 |

**Crone, Judge.**

## Case Summary

J.P. ("Father") appeals the trial court's determination that his minor children E.P. and G.P. ("the Children") are children in need of services ("CHINS").[1] He contends that the evidence was insufficient to support the trial court's decision. Finding the evidence sufficient and concluding that the trial court's decision is not clearly erroneous, we affirm.

## Facts and Procedural History

The Indiana Department of Child Services ("DCS") filed a petition alleging the Children were CHINS after reports that the Children and their parents were living in an uninhabitable home and that both parents were using illegal drugs. The Children were removed from their parents' care and placed with their grandparents. After detention and initial hearings in the matter, the trial court entered denials on behalf of both parents on November 21, 2017. The trial court held a factfinding hearing on April 3, 2018, at which Mother appeared with counsel and Father appeared pro se. Thereafter, the trial court found in relevant part as follows:

> The evidence presented in the instant matter establishes that the parents have been without suitable and/or stable housing since the inception of the case in October of 2017. It is uncontested that the home was without electric and gas utility services. Also, the conditions existing within the family's home in Highland were observed to be deplorable, thereby necessitating the

---

[1] The Children's mother, M.S. ("Mother"), does not participate in this appeal.

involvement of the Town of Highland. The home had fallen into such disrepair that the parents had to move out to allow for necessary repairs and reconnection of utility services. The parents were unable to provide sufficient explanation for either the existence of the deplorable conditions within the home or the absence of necessary utility services. To this date, the parents have not established any other stable residence, which would allow for the children's return thereto. The parents have continued to offer claims of securing another residence; however, no objective evidence thereof has been provided. Additionally, despite testimony of the parents' efforts, it has yet to be shown that the residence in Highland is cured of the substandard living conditions. The issue of unsuitable/unstable housing continues to be unresolved.

Furthermore, both parents have a history of involvement with DCS due to substance abuse and poor living conditions within the home. Most recently, on December 12, 2017, both Mother and Father tested positive for opiate substances, which are metabolites of heroin. Neither parent was able to provide an adequate explanation for said drug screen results. Additionally, in calendar year 2018, Father has received multiple criminal charges relating to possession of drugs and/or illegal substances. In March of 2018, Father was arrested and spent time in jail on drug related charges. It is apparent that Mother and Father continue to struggle with drug possession and/or use, which impedes their ability to discharge their parental responsibilities.

The parents' inability to secure and/or maintain safe, suitable, and stable housing poses a threat to the health, safety, and welfare of the children. The parents' continued struggles with substance abuse further magnify their inability to provide the necessities of daily living for the children.

Appellant's App. Vol. 2 at 2-3. Accordingly, the trial court adjudicated the Children as CHINS and set the matter for disposition hearing. The trial court entered its dispositional decree on May 8, 2018. Father now appeals.

## Discussion and Decision

[3] Indiana Code Section 31-34-1-1 provides that a child is a CHINS if, before the child becomes eighteen years of age, "the child's physical or mental condition is seriously impaired or seriously endangered as a result of the inability, refusal, or neglect of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, medical care, education, or supervision" and "the child needs care, treatment, or rehabilitation that: (A) the child is not receiving; and (B) is unlikely to be provided or accepted without the coercive intervention of the court." DCS has the burden of proving that a child is a CHINS by a preponderance of the evidence. *In re Des.B.*, 2 N.E.3d 828, 835-36 (Ind. Ct. App. 2014) (citing Ind. Code § 31-34-12-3).

[4] "When reviewing the sufficiency of the evidence to support a CHINS adjudication, we consider only the evidence favorable to the judgment and the reasonable inferences raised by that evidence." *Id.* at 836. This Court will not reweigh the evidence or judge witness credibility. *In re M.W.*, 869 N.E.2d 1267, 1270 (Ind. Ct. App. 2007). Where, as here, a trial court enters specific findings and conclusions, we apply a two-tiered standard of review. *Bester v. Lake Cty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005). First, we determine whether the evidence supports the findings, and second, we examine whether

the findings support the judgment. *Id.* We will set aside the trial court's judgment only if it is clearly erroneous. *Id.*

[5] In challenging the sufficiency of the evidence that the Children are CHINS, Father's argument is incredibly brief, and he appears to challenge only two of the trial court's specific findings. Accordingly, the unchallenged findings stand as correct. *McMaster v. McMaster*, 681 N.E.2d 744, 747 (Ind. Ct. App. 1997) (unchallenged trial court findings are accepted as true). Father argues that the court's findings that the parents "were unable to provide sufficient explanation for … the existence of the deplorable conditions within the home" and that "the issue of unsuitable/unstable housing continues to be unresolved" were unsupported by the evidence. Appellant's App. Vol. 2 at 2. Specifically, he complains that the trial court failed to "t[ake] into account" that the home was not owned by the parents and that, at the time of the factfinding hearing, "work was being done on the home" to correct some of the conditions. Appellant's Br. at 8. Father fails to explain, however, how the ownership of the home where the Children were undisputedly residing excuses its deplorable condition, and he further fails to explain how the fact that work is now being done on the home necessitates a finding that the issues with habitability have been resolved. In essence, Father simply requests us to reweigh the evidence, and we will not. Ample evidence was presented to support the trial court's ultimate conclusion that the shelter being supplied to the Children by the parents was, and continues to be, unsuitable and inadequate for the Children.

[6]     Father also implies that any findings that his past struggles with substance abuse currently affect his ability to parent the Children are unsupported by the evidence because there was evidence presented that he is taking methadone to address his problems, and that the methadone in his system was within "therapeutic levels" on his December 2017 drug screen. *Id.* at 9. Father ignores that, in addition to testing positive for methadone on his latest drug screen, he also tested positive for amphetamine, heroin, and morphine. Again, ample evidence supports the trial court's findings regarding Father's continued struggles with substance abuse.

[7]     Finally, Father maintains that he "can do whatever is necessary for his family," and therefore the coercive intervention of the court is unnecessary. *Id*. Regarding the need for the court's coercive intervention, a trial court necessarily considers a parent's "past, present, and future ability to provide sufficient care" during a CHINS adjudication. *Matter of J.L.V. Jr.*, 667 N.E.2d 186, 190-91 (Ind. Ct. App. 1996); *see also In re D.J. v. Indiana Dep't of Child Servs.*, 68 N.E.3d 574, 580 (Ind. 2017) ("When determining CHINS status under Section 31-34-1-1, particularly the 'coercive intervention' element, courts should consider the family's condition not just when the case was filed, but also when it is heard."). Here, the trial court's unchallenged findings demonstrate Father's history of parental deficiencies and substance abuse as well as his present inability to provide sufficient care for the Children. Therefore, the trial court's conclusion that court intervention is necessary is supported by its findings and is not clearly erroneous.

[8]     In sum, we will reverse a trial court's CHINS adjudication "only upon a showing of 'clear error'—that which leaves us with a definite and firm conviction that a mistake has been made." *Egly v. Blackford Cty. Dep't of Pub. Welfare*, 592 N.E.2d 1232, 1235 (Ind. 1992). We find no such error here and therefore affirm the trial court.

[9]     Affirmed.


Najam, J., and Pyle, J., concur.